Eugene S. Krupinski, Jean Krupinski and Beverly Krupinski, an Infant, by Eugene S. Krupinski, Her Next Friend, Plaintiffs-Appellants, v. L. L. Denison, Defendant-Appellee.

Gen. No. 10,028.

Third District.

February 23, 1956.

Released for publication March 12, 1956.

■■■■■■■■■■
■■■■■■■■■■■■
■■■■■■■■■ ■

R. G. Heckenkamp, of Springfield, and Robert H. Krasnow, of Chicago, for appellants.

Harris & Harris, of Lincoln, for defendant-appellee; Homer B. Harris, Sr., Thomas M. Harris, and Homer B. Harris, Jr., all of Lincoln, of counsel.

JUDGE CARROLL delivered the opinion of the court.

This appeal presents the single question as to whether the Court below erred in dismissing plaintiffs' cause with prejudice for want of prosecution and entering judgment in favor of defendant.

The case, which is a personal injury suit, was filed in the Circuit Court of Logan County on September 3, 1954. A motion to dismiss the complaint was allowed and an amended complaint filed June 28, 1954. The defendant answered and the cause was set for trial by jury on November 29, 1954. Due to the illness of one of the plaintiffs, the cause was removed from the trial call on November 30, 1954 and subsequently set for trial on Monday, February 21, 1955.

At noon on Saturday, February 19, 1955, the Clerk of the Court informed plaintiffs' counsel by telephone that the cause would not be tried on February 21st due to the fact that the trial of a preceding case had not been completed and that plaintiffs' case would in all probability be called for trial on February 23rd.

On Monday, February 21, 1955, counsel for plaintiffs made an oral motion for a continuance supported by the affidavit of R. G. Heckenkamp, one of plaintiffs' counsel. From the affidavit it appears in substance

that plaintiffs, who were residents of Chicago, were fully prepared to go to trial on February 21st; that upon receipt of a telephone message from the Clerk advising that the case would not be reached until February 23rd, plaintiffs' counsel attempted to contact the plaintiffs and other witnesses but could not reach them until late Saturday, February 19th; that counsel was then informed that one of the witnesses, N. F. Sandomier, the treating physician for all the plaintiffs, would probably be unable to be in Lincoln for the trial on February 23rd as he had previously arranged his schedule so as to be present to testify at the trial on February 21st; that upon denial of plaintiffs' motion for a continuance on the 21st, plaintiffs again contacted their physician, who informed them that he would be unable to be in Court on February 23rd because of his hospital and surgical schedule; that since February 22nd was a legal holiday, time would not permit the obtaining of a subpoena to compel the doctor's attendance on February 23rd; that the affiant was engaged in a criminal case previously set for hearing on February 23rd in Winchester, Scott County, Illinois and that because of the limited time available, plaintiffs would be unable to obtain other counsel to properly represent their interests.

Defendant's counsel filed a counter affidavit stating that a further continuance of the case would be prejudicial to the rights of the defendant because the defendant was 86 years old and in feeble health; that one occurrence witness was then dead and another witness was more than 70 years old. However, this counter affidavit does not appear to dispute the facts alleged in plaintiffs' affidavit.

The Court denied plaintiffs' motion for a continuance and the Clerk was directed to call 12 jurors for examination on voir dire. Plaintiffs then moved for leave to take a voluntary nonsuit, which motion was denied. A motion by R. G. Heckenkamp for leave to withdraw

as attorney for plaintiffs was likewise denied. Counsel for plaintiffs then informed the Court that in the absence of plaintiffs, one of whom was a minor, he was not in a position to proceed. Thereupon, the Court allowed the defendant's motion to dismiss the case with prejudice for want of prosecution, and entered judgment for the defendant. From this order the plaintiffs have appealed.

A determination as to the correctness of the Trial Court's action in refusing to grant plaintiffs' motion for a continuance involves reference to the portions of the Statutes applicable to such motions. Sec. 59 of the Illinois Civil Practice Act, Chap. 110 [§ 183], Illinois Revised Statutes 1953, provides that:

"Additional time may be granted on good cause shown, in the discretion of the court and on such terms as may be just, for the doing of any act or the taking of any step or proceeding prior to judgment in any civil action.

"The circumstances, terms and conditions under which continuances may be granted, the time and manner in which application therefor shall be made, and the effect thereof, shall be according to rules."

Supreme Court Rule 14, Chap. 110, Illinois Revised Statutes, Sec. 259.14 is as follows:

"When either party shall apply for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent, showing that due diligence has been used to obtain such evidence, or the want of time to obtain it, and of what particular fact or facts the same consists, and if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, showing that due diligence has been used to ascertain the same, and that if further time is given such evidence can be procured. . . .

158

"No motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay."

■ It is obvious from the foregoing Rule that the Supreme Court has made no attempt to prescribe any rigid formula which the Trial Court must follow in passing upon a motion for continuance. The decision to be made in each case is left to its sound judicial discretion. In the exercise of this broad discretion, the Trial Court is, however, required to act judiciously with due regard for the objective of attaining justice. Where it appears that such principle has been disregarded, a reversal is justified. Adcock v. Adcock, 339 Ill. App. 543; Heideman v. Kelsey, 3 Ill.App.2d 189; Crystal Lake Country Club v. Scanlan, 264 Ill. App. 44.

In the numerous cases in which reviewing courts have dealt with the question here presented, the decisive factor has been whether the party applying for a continuance has shown a lack of due diligence in proceeding with the cause.

In the instant case, it appears that the issues were not joined until September 3, 1954. On November 30, 1954, plaintiffs sought and were granted a continuance because of the illness of one of the plaintiffs. There was no indication that such a continuance was sought for the purpose of delay nor was it resisted by the defendant. It also appears from their motion and affidavit that plaintiffs were in fact ready for trial on February 21st and that the situation leading to their application for a continuance was created by the February 19th telephone message from the Clerk of the Court to their counsel advising him that the trial would be delayed until February 23rd. The unfortunate and unavoidable circumstance necessitating the change in the trial date cannot be charged to lack of diligence on the part of the plaintiffs.

We think the affidavit of plaintiffs' attorney shows that under the existing circumstances due diligence was exercised to obtain the testimony of their physician whose testimony constituted evidence material to their cause. Obviously, the fact that the doctor had arranged his schedule so as to be able to go to Lincoln on February 21st is a most reasonable excuse for his inability to again rearrange his schedule so as to be present in that City on February 23rd. The argument that plaintiffs' failure to have a subpoena served upon the doctor evidences lack of diligence on their part is inappropriate in this case where the record affirmatively shows the plaintiffs to have been ready to proceed on February 21st, the day set for trial. The affidavit also clearly indicates that lack of time caused by the changing of the trial date rendered it impossible to subpoena the doctor.

On this review we are not dealing with a case which has been pending for a long period and where there have been numerous continuances granted. On the contrary, only a little over five months intervened between the time of the filing of the answer and the date on which plaintiffs' motion was denied and the cause had been previously continued but once. While fully subscribing to the principle that trial courts should refuse to tolerate applications for continuances designed only to delay the administration of justice, we deem it equally important to observe that no litigant should be foreclosed of his right to a day in court merely because circumstances beyond his control impel his request for a continuance.

Since in this case there appears to be no support for the conclusion that plaintiffs failed to show due diligence in attempting to go forward with their case, we are of the opinion that the Trial Court erred in denying their motion for a continuance.

The parties have devoted a considerable portion of their argument to the question whether the Court erred

160

in dismissing the cause with prejudice. Since we have determined that this cause must be reversed because of the Trial Court's error in denying plaintiffs' motion for a continuance, it follows that the form of the order of dismissal requires no separate consideration.

The judgment of the Circuit Court of Logan County is reversed and the cause remanded with directions to reinstate plaintiffs' complaint and set the cause for trial in due course.

Reversed and remanded with directions.