(No. 36955.—

ANDREW J. LINDEEN, Appellee, *vs.* ILLINOIS STATE POLICE MERIT BOARD *et al.,* Appellants.

*Opinion filed September 28, 1962.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, AUBREY KAPLAN, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellants.

VAN METER AND OXTOBY, and J. H. WEINER, all of Springfield, (ROBERT B. OXTOBY, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Sangamon County under the Administrative Review Act, in which it reversed and set aside the discharge of the plaintiff Andrew J. Lindeen, a captain of the Illinois State Police, by the defendant Illinois State Police Merit Board. The defendant Board appeals directly to this court, and we take jurisdiction on the ground that the State has a direct interest in the outcome of this litigation. *Secaur* v. *State*

*Civil Service Com.* 408 Ill. 197; *People ex rel. Hamilton* v. *Cohen,* 355 Ill. 499.

Plaintiff's discharge was based upon the findings of the Board that he had violated Illinois State Police Rules in that he transported women for his own purposes in a State-owned vehicle; that he had been publicly intoxicated; that he was guilty of illicit relations; and that he participated with one of his subordinates in entertaining a married woman not his wife.

On administrative review the trial court reversed and set aside the discharge on the following grounds: that the refusal of the Illinois State Police Merit Board to grant the continuance, requested by Lindeen, was an abuse of its discretion; that the failure to grant the continuance and the expeditiousness with which the Board hearings were conducted deprived Lindeen of a fair trial; and that the decision of the Illinois State Police Merit Board was against the manifest weight of the evidence.

Upon this appeal the Board insists that its finding and decision were supported by the evidence in the record, and that the refusal of the Board to grant Captain Lindeen a continuance was a reasonable exercise of its discretion.

The alleged violations of rules were charged to have been committed between 1958 and 1960. On February 27, 1961, the complaint against Captain Lindeen was filed, and hearing was set for March 17, 1961. Lindeen and his attorney discussed the charges with Sergeant Charles E. Lenz on February 28, 1961, and he expressed a willingness to testify. On March 6, Lindeen was unable to locate Lenz and a subpoena was obtained to compel his attendance. The subpoena was returned on March 10, reciting that Lenz could not be found. On March 13, plaintiff Lindeen made a motion for a continuance based upon the absence of Sergeant Lenz, and the inability of his attorneys to be ready for trial. On March 17, the motion for continuance was denied, and the complaint was heard by the Board until

7:55 P.M. After a ten-minute recess the Board returned to deliver a 177-word written opinion discharging Lindeen.

All parties agree that the rule applicable to continuances before the Board is Supreme Court Rule 14 which provides as follows:

"If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent, showing that due diligence has been used to obtain the evidence, or the want of time to obtain it, and of what particular fact or facts the same consists, and if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, showing that due diligence has been used to ascertain the same, and that if further time is given the evidence can be procured."

It appears from the affidavit for continuance, and the testimony of Lindeen's attorney offered in support of the motion that Sergeant Lenz was the person referred to as participating in the occurrences charged in the complaint; that Lindeen and his attorney promptly interviewed Lenz and obtained his assurance that he would testify and would refute the charges against Captain Lindeen.

We think that the record clearly shows compliance with the spirit of our Rule 14 and the continuance should have been granted. As the Appellate Court in *Krupinski* v. *Denison,* 9 Ill. App. 2d 155, aptly stated: "It is obvious from the foregoing Rule that the Supreme Court has made no attempt to prescribe any rigid formula which the Trial Court must follow in passing upon a motion for continuance. The decision to be made in each case is left to its sound judicial discretion. In the exercise of its broad discretion, the Trial Court is, however, required to act judiciously with due regard for the objective of attaining justice. Where it appears that such principle has been disregarded, a reversal is justified."

From the entire record, it appears that Sergeant Lenz was a material and competent witness to every occurrence at issue in these proceedings. Less than a month had elapsed from the filing of charges against Captain Lindeen and the hearing date, and Lindeen had asked for no prior continuance. Despite other legitimate engagements, his counsel exercised due diligence in preparing for trial. The fact that Sergeant Lenz expressed a willingness to testify, and that he still resided in Pittsfield with his family, indicated a strong probability that his testimony would have been available had a reasonable continuance been granted.

In addition to these considerations, it is apparent that most of the Board's findings against Captain Lindeen were based upon the uncorroborated testimony of Annie Dumford, which was directly contradicted by Lindeen. It is clear that Annie Dumford was disturbed by Captain Lindeen's interference with her relationship with Lenz, and that she bore great animosity toward Captain Lindeen.

It further appears that Captain Lindeen, during the period in question, was investigating vice in the Quincy area, and obtained information from "stool pigeons." It is undisputed that his efforts in suppressing vice in the area were extremely successful. While Annie Dumford denies she gave information to either Lenz or Lindeen, her obvious acquaintance with places of vice in Quincy tends to support Lindeen's claim that she was used as a source of information concerning places of gambling and prostitution.

While we are hesitant to review the discretion of a trial court or board in denying a continuance, we think that under the circumstances of the present case, justice demanded that Captain Lindeen be given a reasonable opportunity to procure the attendance of a witness vital to his defense. We are, therefore, of the opinion that the trial court was correct in finding that the denial of the motion for a continuance deprived Captain Lindeen of a fair trial.

Such a finding alone would require a reversal of the

Board's decision, and a remandment. However, the trial court also found the decision of the Board against the manifest weight of the evidence, and reversed the decision of the Board and ordered Lindeen's reinstatement.

On this appeal the Board claims that the following violations of State Police Rules and Regulations were supported by the manifest weight of the evidence: that he transported nonmembers of the State Police force in a State-owned motor vehicle; that he was guilty of public intoxication; and that he was guilty of immoral relations with a woman.

We have carefully examined the record in relation to these charges. We find the record devoid of any convincing evidence that Captain Lindeen was guilty of illicit or immoral relations with any woman. The only testimony bearing on this subject was purely circumstantial, uncorroborated and given by Annie Dumford, who showed obvious personal animosity toward Captain Lindeen. The charge was flatly denied by him.

Mrs. Dumford's testimony as to her transportation in a State Police vehicle is corroborated in part by Catherine Bare. However, it appears from the record that such transportation was directly related to Captain Lindeen's investigation of vice in the Quincy area and not for his personal pleasure.

The trial court was correct in its determination that the Board's findings on these charges were against the manifest weight of the evidence.

In relation to the charges of public intoxication, we find that there is sufficient evidence in the record to indicate that Captain Lindeen was intoxicated on one occasion at the Small Fry Restaurant. While this charge is denied, Captain Lindeen admitted having several drinks in the course of his investigations at that time. In the light of Captain Lindeen's record, supported by a number of character witnesses, such a violation of the rules did not, in our opinion, call for discharge.

It is, therefore, our opinion that the Board erred in denying the motion for a continuance; and that the findings in relation to the charges, except for those contained in paragraph 4 of the charges relating to Lindeen's alleged intoxication on November 12 and 13, 1959, in the Small Fry Restaurant in Quincy, were against the manifest weight of the evidence. The decision of the trial court is, therefore, affirmed in part and reversed in part. The cause is remanded to the trial court with instructions to reverse the decision of the Board and remand the cause with directions to grant Captain Lindeen a reasonable continuance to obtain the attendance of the witness Lenz, and thereafter to hear the charges contained in paragraph 4 of the original charges relating to Captain Lindeen's alleged intoxication and behavior in the Small Fry Restaurant in Quincy, on November 12 and 13, 1959, and to make appropriate findings and decision thereon.

*Affirmed in part, and reversed in part, and remanded with directions.*