CAROL ANN REECY, Plaintiff-Appellant, *v.* LYLE L. REECY, Defendant-Appellee.

(No. 70-194;

Third District—June 22, 1971.

D. Calvin Sincock, of Pekin, for appellant.

Franklin Wallace, of Rock Island, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Henry County.

Carol Ann Reecy, hereinafter referred to as plaintiff, was divorced from Lyle L. Reecy, hereinafter referred to as defendant, on April 6, 1964. The custody of two minor children was awarded to the plaintiff. On May 31, 1967, the defendant filed a petition to modify the decree of divorce wherein he asked that custody of the children be changed from the plaintiff to himself. The trial court denied this petition. Again on February 6, 1969, the defendant filed a petition to modify the decree of divorce by again asking that the custody of the children be changed. On August 5, 1970, the plaintiff's counsel moved for leave to withdraw and this motion was granted on August 12, 1970. The plaintiff obtained new counsel who moved for continuance of the hearing on the petition to modify on the grounds of a heavy trial schedule, absence from the state and inability to adequately prepare for trial by the date of August 28, 1970, which was the date of the scheduled hearing. On the date of the hearing counsel for the plaintiff filed an affidavit from his physician stating that counsel was afflicted with influenza, had been treated for such illness since August 25 and that counsel should be confined to bed. The trial court denied the motion for continuance and proceeded to an immediate hearing, at the conclusion of which the court ordered the decree of divorce to be modified so as to transfer custody of the minor children to the defendant. The plaintiff filed notice of appeal and the defendant filed a petition for rule to show cause asking that the plaintiff be held in contempt for refusing to transfer the custody of the children. The plaintiff perfected her appeal and the trial court subsequently entered two orders of contempt against the plaintiff. The first order fined the plaintiff in the sum of $1,500.00 and $50.00 per day for each day that custody of the children was not transferred to the defendant, and further ordered the plaintiff to pay defendant's attorney's fees and costs. The second contempt order entered by the trial court sentenced plaintiff to a term of ten days in jail and again ordered her to pay the defendant's attorney's fees and costs.

The plaintiff presents many issues for review, but it is unnecessary to set them forth or to provide additional factual information if the court erred in denying plaintiff's motion for continuance of a hearing on the motion to modify the decree of divorce.

■■ The granting or denial of a motion for continuance is within the sound discretion of the trial court. Ch. 110, par. 59, Ill. Rev. Stat.; ch. 110(a), par. 231, sub-paragraphs (2), (b), (e) and (f), Ill. Rev. Stat. A motion for continuance except where it is based on a statutory cause is addressed to the sound judicial discretion of the trial court; and the

exercise of such discretion will not be interfered with by the appellate tribunals unless there has been a manifest abuse of such discretion. (*Condon v. Brockway*, 157 Ill. 90, 47 N.E. 634.) The broad discretion conferred on a trial court in allowance or denial of continuances must be exercised judiciously and not arbitrarily and capriciously and the court should not refuse a continuance where the ends of justice clearly require it and an abuse of discretion in so doing will justify a reversal. *Adcock v. Adcock*, 339 Ill. App. 543, 91 N.E.2d 99.

■■ Thus it appears that the Civil Practice Act, the Supreme Court Rules, and the case law of Illinois confer broad discretion upon the trial court in the allowance or denial of continuances, but any abuse of such discretion is reversible in an Appellate Court as any other error committed that works palpable injustice. *Hearson v. Graudine*, 87 Ill. 115.

Therefore the question presented to us is whether the trial court abused its discretion, broad as it may be, when the plaintiff's motion for continuance was denied.

The plaintiff's motion was verified by her counsel. It alleged that he had an extremely heavy court schedule, that he had been absent from the State for seven days, that her previous counsel had been granted leave to withdraw just 16 days prior to the scheduled hearing, that he wished to avail himself of certain discovery procedures and in the time allotted he could not adequately prepare for trial. This verified motion of the plaintiff was supported by an affidavit from her counsel's physician where it was averred that counsel was ill with influenza and should be confined to bed.

The court in denying the motion for continuance stated:

"Maybe it would be unfair to the plaintiff but that is not your fault. She brought these things on herself. Changing counsel and not appearing at a hearing, I don't know. It seems to me most of the delays in this thing has been brought upon [sic] by the plaintiff herself."

■■■ Upon review we can be guided only by the record and the record is barren of any infomation that the plaintiff voluntarily changed counsel, but on the contrary her prior counsel was granted leave to withdraw on his own motion. It is true that defendant's motion to modify the decree of divorce had been pending since February 6, 1969, and the hearing was finally scheduled for August 28, 1970, but the record reveals no delays brought about by the plaintiff. However, the fact that there had been one previous continuance does not indicate an intention to delay the administration of justice. Nor did the fact that the case was set for trial by agreement estop a party from seeking a continuance for just cause. See *St. Louis & S.E. Ry. Co. v. Teters*, 68 Ill. 144.

While the courts are cognizant that continuances will be sought

merely to delay the administration of justice they have zealously guarded the right of a party to a day in court with counsel and a jury trial when it has been conscientiously sought. *Stephens v. Kasten*, 383 Ill. 127, 48 N.E.2d 508; *Weiss v. Berkovitz*, 282 Ill.App. 502.

We are well aware of the constant pressure imposed upon a trial court to try and dispose of cases, but a trial judge has a special role in cases such as the one before us on appeal, for upon this individual is placed the heavy burden of deciding who is to have custody of minor children. A decision which will have direct bearing upon their future welfare and happiness and a decision which may well provide the environment and the training which hopefully will be conducive to the molding of good citizens for the future.

██ We can reach no other conclusion but that the plaintiff's motion for a continuance should have been granted. The issue at stake was too important to deny plaintiff's counsel additional time for preparation. Having reached this conclusion, it is unnecessary for us to consider the other issues presented on this appeal.

We therefore accordingly reverse the order of the trial court of Henry County, Illinois, modifying the decree of divorce and remand this cause for further proceedings. Since the contempt orders against the plaintiff were entered subsequent to the order of modification by the trial court they are as a result of this reversal null and void.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.