VERA PARKER *et al.*, Plaintiffs-Appellants, *v.* DAVID L. NEWMAN, Defendant-Appellee.

(No. 72-245; ▮▮▮▮▮▮▮▮▮▮

Third District—April 18, 1973.

James B. Lewis, of Peoria, for appellants.

Clifford E. Schneider, of Peoria, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Peoria County, Illinois, denying the plaintiffs' motion for a continuance and dismissing the case for want of prosecution when their attorney refused to proceed with the trial.

The plaintiffs, Vera Parker and John Parker, her husband, filed a complaint on March 11, 1970, alleging that on March 13, 1968, the defendant, David L. Newman, drove his car into theirs, which was carrying Vera Parker and Clara L. Graham, their only independent occurrence witness. The defendant in his answer denied being involved in the accident, and in answers to interrogatories denied any knowledge of the occurrence.

A pre-trial conference was held March 16, 1972. At that time the case was set for trial on May 15, 1972, and the pre-trial conference was continued to May 4. When the pre-trial conference was resumed on May 4, the defendant's attorney informed the court that he had learned that his

client was in the army and thought he was in Germany. He asked the court to postpone the trial until defendant would be available. The trial judge refused this request, however, and directed that if the defendant's testimony was needed his evidence deposition should be taken. The judge re-set the trial for June 26.

After the pre-trial conference it was learned that the defendant would be on furlough in the early part of June but had to report to Fort Dix, New Jersey, on June 26, 1972, for shipment to Germany. Then on June 12, in compliance with the ruling of the presiding judge at the pre-trial conference, the defendant's attorney gave the plaintiffs notice that the defendant's evidence deposition would be taken on June 21. Subsequently, at the request of the plaintiffs' attorney, the deposition was postponed one day, to June 22.

On June 22, 1972, the plaintiffs' attorney did not appear at the time fixed for the deposition but arrived while the deposition was in progress. He announced that he was not going to participate in the deposition, said he expected to cross-examine the defendant at the trial scheduled for June 26, served defendant's attorney with a notice to produce the defendant at the trial on that date, and then left. Having learned that the defendant was not going to be available on June 26, the plaintiffs' attorney also filed a motion on June 22 for a continuance of the trial, but this motion was heard and denied on June 23.

When the court convened for the trial on June 26, the plaintiffs renewed their motion for a continuance. The court again denied the motion, observing that the defendant's attorney was at that time prepared for trial, that an evidence deposition had been taken pursuant to the court's earlier request, and that the plaintiffs had been given notice of the taking of the deposition. The plaintiffs' attorney indicated that he would not go to trial unless the defendant were personally present. The court thereupon dismissed the case for want of prosecution, and this appeal followed.

The plaintiffs contend that the trial court's denial of their motion for a continuance was an abuse of discretion. They argue that the primary issue in their case was one of identification, that it was essential to their case to have the defendant in court so the witnesses could describe him and then point him out before the jury as the driver of the car which had struck theirs, and that the court's denying their motion for a continuance was capricious and arbitrary, served no valid purpose, and unfairly denied them their day in court.

The defendant, on the other hand, contends that the trial court did not commit an abuse of discretion. He argues that the plaintiffs displayed

lack of diligence in not having their occurrence witnesses view him earlier when his evidence deposition was taken, since they could have testified at the trial that they had previously identified the defendant as the wayward driver. He argues, further, that the plaintiff's having failed to support their motion for a continuance with an affidavit is sufficient ground for sustaining the trial court's denial of the motion.

■■ As this court has recently stated, an appellate tribunal will not interfere with a trial court's exercise of its discretion in the granting or denial of a motion for continuance unless there has been a manifest abuse of the trial court's discretion. (*Reecy v. Reecy*, 132 Ill.App.2d 1024, 271 N.E.2d 91, 92.) Accordingly we must decide whether the denial of a motion for continuance in the case before us was a manifest abuse of discretion.

This court has stated, also, that in numerous cases involving the propriety of a trial court's exercise of its discretion in ruling on a motion for continuance, the decisive factor has been whether the party applying for a continuance has shown a lack of due diligence in proceeding with the cause. (*Krupinski v. Denison*, 9 Ill.App.2d 155, 159.) We have held that if the moving party has not shown the use of due diligence to obtain evidence or the lack of time to obtain it, as required by Supreme Court Rule 231(a), the trial court's refusal of a motion for a continuance will be sustained. *Franks v. North Shore Farms, Inc.*, 115 Ill.App.2d 57, 76-77.

■■ We believe the plaintiff should have utilized the opportunity to have their witnesses view the defendant when his deposition was taken. If the witnesses had recognizd him on that occasion, then at the trial they could have told the jury they had done so, and would not have had to point to him. The plaintiffs' neglect of this opportunity, created for them by direction of the trial court at the pretrial conference, appears to us to show a lack of due diligence. We therefore cannot find a manifest abuse of discretion in the trial court's denying the plaintiffs another opportunity to obtain the identification evidence which they claimed they needed.

Furthermore, it appears that the plaintiffs' motion for a continuance was not supported by an affidavit as required by Supreme Court Rule 231. In a number of cases it has been held that where no affidavit has been filed (*Ellick v. Clayton Motor Co.*, 16 Ill.App.2d 151; see *Debolt v. Wallace*, 56 Ill.App.2d 380, 384), or the affidavit does not meet the requirements of Rule 231 (*Bell v. Board of Education*, 117 Ill.App.2d 15; *North Fed. Sav. & Loan Assn. v. Tokoph*, 110 Ill.App.2d 254, 257-59), denial of a motion for continuance cannot be regarded as an abuse of

discretion. Therefore we must held, we believe, that denial of the plaintiffs' motion for a continuance was within the discretion of the trial court in the case before us.

The plaintiffs contend that denying their motion and dismissing the case was unfair to them and served no good purpose. However, we note that in a recent case where a motion for a continuance was made but due diligence to obtain evidence was not shown, the court said: "Because of the potential inconvenience to the parties, the witnesses and the court, especially grave reasons for granting a delay must be given once a case has reached the trial stage." (*Schneider v. Seibutis*, 3 Ill.App.3d 323, 326.) Also, in another case wherein an affidavit supporting a motion for a continuance was held insufficient, the court stated: "Every plaintiff probably feels that an involuntary dismissal does disservice to the goal of substantial justice. But we must consider 'justice' in a broader context. * * * [W]e conclude that in order to maintain a steady flow of cases into trial courts we must support the rules and regulations the purpose of which is expeditious assignment and disposition of the vast number of cases in our courts. Continuances and delays without good cause or sufficient excuse interrupt orderly procedures and throw the entire system out of balance to the detriment of other cases awaiting trial." *Davies v. Infragnia*, 54 Ill.App.2d 299, 305-06.

Inasmuch as our review has not disclosed a manifest abuse of discretion by the trial court, the judgment of the Circuit Court of Peoria County will be affirmed.

Judgment affirmed.

SCOTT, P. J., and STOUDER, J., concur.