SHIRLEY VOLLENTINE, Plaintiff-Appellant, *v.* D. CHRISTOFF, Defendant-Appellee.

(No. 73-260;

Third District—November 14, 1974.

*Rehearing denied January 7, 1975.*

Louis E. Olivero, of Olivero & Olivero, of Peru, for appellant.

Gates W. Clancy, of Geneva (James Mills, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of La Salle County in favor of defendant Dr. D. Christoff following a directed verdict entered by the court at the close of the evidence for plaintiff Shirley Vollentine. The direction of verdict was substantially based on the lack of evidence as to standards of dental service, of the character involved, in the community. The cause before us arose as a result of a complaint by plaintiff Shirley Vollentine which charged negligence, fraud, and breach of contract against Dr. Demeter Christoff. The action involved a so-called mouth-reconstruction service performed for plaintiff by the defendant dentist.

From the record, it appears that after a few continuances at the request of both parties, the trial date in this action was set for June 8, 1973. Plaintiff and her counsel had apparently kept Dr. Murdock advised of the pending trial and he had indicated that he would appear when the date was set for June 8. Ostensibly, plaintiff did not desire to subpoena the doctor until it was clear when he would be needed, in view of the delays on several occasions and the problem of the doctor's own schedule. Defense counsel asked for a delay from June 8, a Friday, until Monday, June 11. A subpoena for Dr. Murdock was not issued until Monday, June 11, when the voir dire examination of jurors began. Plaintiff also stated that this was the first notice to plaintiff's attorney that Dr. Murdock had presumably left for Minnesota for at least a week's vacation. Neither plaintiff nor the attorney for plaintiff knew that the doctor intended to leave in the near future.

A motion for continuance, supported by affidavit, was made in the trial court and was heard by the trial court on June 12. Other evidence to be presented by plaintiff had been concluded. In the affidavit in support of the motion for continuance, the attorney for plaintiff pointed out that Dr. Murdock was the dentist who treated plaintiff after defendant had performed his service and that only Dr. Murdock had the unique knowledge of the circumstances surrounding plaintiff's condition and the permanent aspects thereof as well as deficiencies in the treatment by defendant. Affiant asserted that he used all diligence to prepare for the trial of the action and caused a subpoena *duces tecum* to be issued for the service of Dr. Murdock. No return of such service

was made apparently because Dr. Murdock had been temporarily absent and was somewhere in the State of Minnesota. The affidavit of the attorney stated that he could not anticipate that this situation would arise and that the witness was not absent with the attorney's consent or connivance or procurement. The affidavit continued that the testimony of Dr. Murdock was necessary to plaintiff's case; and that without the testimony of Dr. Murdock, the plaintiff could not safely proceed with the trial of this case. It was also asserted that the need for the continuance did not arise out of any failure of plaintiff or the affiant-attorney to exercise reasonable diligence with respect to the cause since plaintiff and the attorney were prepared to go to trial on June 7, 1973. The motion for continuance requested a continuance only until Monday, June 18, from June 12, at which time the attorney stated he believed and expected he could procure the attendance of the witness Dr. Murdock. It was also asserted that the continuance was sought, not for the purpose of delay, but in order that justice may be done.

From the record it was shown that plaintiff, age 26, sought the services of defendant dentist to correct a congenital defect in her mouth structure. She had only 22 teeth instead of the usual 32 and there were various gaps between her teeth. She complained that this caused her social problems. Defendant dentist advised her that he could use bridge work and reconstruct the mouth to achieve the desired appearance. He indicated, according to the complaint, that he would close the gap between the front upper teeth and do certain other work. It was asserted in the complaint that the work was done improperly and not in accordance with the agreement, and that it thereafter required a complete correction of defendant's work by another dentist. She testified that Dr. Murdock examined and treated her and made the necessary corrections and was the one who was able to testify as to his findings and as to the work which was done. It was thus obvious that Dr. Murdock was the key witness in support of the claim of plaintiff and was also able to testify as to the condition of the mouth and teeth after defendant had done his work.

The basic question before us, therefore, is whether the court properly denied the continuance requested by plaintiff. It is notable that if a party desires a delay in a trial, he may request a continuance from the court under the provisions of section 59 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 59). The rules governing continuances are specified in Supreme Court Rule 231 (Ill. Rev. Stat. 1973, ch. 110A, par. 231). We have recently examined the issues in the case of *Reecy v. Reecy*, 132 Ill.App.2d 1024, 271 N.E.2d 91 (Third Dist.

1971) and there we noted the general rule that the granting or denial of a motion for continuance was in the sound discretion of the court and would not ordinarily be reversed unless there is an abuse of discretion. Cases generally establish that the moving party must show that the evidence sought is material and that due diligence had been exercised, but that nevertheless the party asking for the continuance has been unable to obtain the desired evidence or witness at the time of the motion. We are also aware of Supreme Court Rule 231(f) in which it is provided that no motion for a continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay. But we also observed in *Reecy* (132 Ill.App.2d 1024, 1027) that "the court should not refuse a continuance where the ends of justice clearly require it and an abuse of discretion in so doing will justify a reversal." The Supreme Court of this State in *Lindeen v. Illinois State Police Merit Board*, 25 Ill.2d 349, 352, 185 N.E.2d 206, stated:

> "While we are hesitant to review the discretion of a trial court or board in denying a continuance, we think that under the circumstances of the present case, justice demanded that Captain Lindeen be given a reasonable opportunity to procure the attendance of a witness vital to his defense."

In that case, the denial of the continuance was the basis of a reversal and the court decreed that there was an abuse of discretion in denying such continuance. The court also observed in the case and quoted as follows from *Krupinski v. Denison*, 9 Ill.App.2d 155, 159, 132 N.E.2d 451 (1956):

> "In the exercise of this board discretion, the Trial Court is, however, required to act judiciously with due regard for the objective of attaining justice. Where it appears that such principle has been disregarded, a reversal is justified."

The *Krupinski* case bears some resemblance to the situation in the present case in that in *Krupinski* (a Third District case) the trial had been set for February 21, 1955, and the doctor whose expert testimony was required had arranged his appointments to be available to the court. However, at the last moment, the court reslated the case for February 23 and the doctor could not make it. A continuance was denied which resulted in the reversal. The argument was made in that case that plaintiff's failure to have a subpoena served upon the doctor evidenced a lack of diligence on the part of plaintiff. The court there said:

> "While fully subscribing to the principle that trial courts should refuse to tolerate applications for continuances designed only to delay the administration of justice, we deem it equally important

to observe that no litigant should be foreclosed of his right to a day in court merely because circumstances beyond his control impel his request for a continuance." 9 Ill.App.2d 155, 160.

Under the facts before us, plaintiffs were apparently ready for trial on Friday, June 8. It was delayed until the following Monday, June 11, at the request of defendant. As a result of the unanticipated unavailability of Dr. Murdock, plaintiff's request for a continuance was simply made for a brief period (until the following Monday, June 18, after the case had proceeded until Wednesday, June 12). Dr. Murdock's testimony was certainly indispensable to plaintiff's case, and the denial of the continuance under all the circumstances appears to be inconsistent with the objective of giving plaintiff a reasonable opportunity to procure the attendance of the witness who was essential to her case. The ends of justice clearly require that a continuance be granted under the circumstances in this case, and we consequently conclude that the trial court abused its discretion in denying such motion for continuance until the following Monday.

In view of our determination it is not necessary that we discuss any of the other issues in the case, for the reason that this cause will be reversed and remanded to the trial court for retrial.

The judgment of the circuit court of LaSalle County is, therefore, reversed and this cause is remanded for new trial.

Reversed and remanded.

STOUDER and DIXON, JJ., concur.