CARRIE ROBINSON, Plaintiff-Appellant, *v.* KAREN THOMPSON *et al.,* Defendants-Appellees.

Fourth District   No. 14650

Opinion filed March 23, 1978.

Thomson, Thomson, Zanoni, Flynn, Weintraub and McElvain, of Bloomington, for appellant.

Dunn, Brady, Goebel, Ulbrich, Morel & Jacob, of Bloomington (Kenneth G. Kombrink and David S. Dunn, of counsel), for appellee Karen Thompson.

Costigan & Wollrab, of Bloomington, for appellee Ralph Hafley.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Plaintiff Carrie Robinson appeals the order of the circuit court of McLean County refusing to vacate a judgment in bar of action entered against her when she and her attorney failed to appear for a jury trial in her suit against defendants Karen Thompson and Ralph Hafley.

The sequence of events leading to the entry of the judgment in bar of action is not in dispute. On May 19, 1976, plaintiff filed the instant suit seeking damages for her personal injuries arising from an automobile collision. One year later on May 19, 1977, she filed a demand for jury trial. On June 7, 1977, by agreement of the parties, the case was set for jury trial on June 27, 1977, at 9 a.m. On June 22, 1977, plaintiff's attorney was scheduled to try another jury case in the same court before a different judge. Because of certain difficulties in that case, the parties agreed to pick a jury that day but then to recess that case until June 27, 1977, when the trial would resume. Plaintiff's attorney did not inform the judge in the case where the jury had been picked that he was already scheduled to go to trial on June 27 in another case before another judge. On June 23, however, plaintiff's counsel filed a motion for a continuance in the instant case. The next day, the trial judge denied the request and advised plaintiff's counsel that he must either appear ready for trial on June 27 or procure another member of his firm to try the case. On June 27, 1977, plaintiff's counsel moved for a continuance in the other case. The judge in that case denied the motion and the case was called for trial, and then later settled.

On June 27, the instant case was called for trial. Upon the failure of anyone to appear and offer evidence on plaintiff's behalf, the trial judge, without hearing any evidence, entered a judgment in bar of action in favor of the defendants and against the plaintiff.

Plaintiff argues that the trial court's action was an abuse of discretion but also contends that even if the court's discretion was not abused, the court had power only to dismiss the case for want of prosecution and not to enter a judgment in bar of action, because no evidence was heard before the jury. The law on this theory is not easy to reconcile. (See *Williams v. Pearson* (1960), 28 Ill. App. 2d 210, 171 N.E.2d 250; *Jones v. Sullivan* (1976), 34 Ill. App. 3d 786, 340 N.E.2d 323.) We need not consider that argument, however, because we believe the question of the trial judge's exercise of discretion to control.

Nothing in the record indicates that plaintiff's counsel was not aware of the June 27 setting in this case when he agreed that after the selection of a jury, the other case would be continued to that date. He should not have made this agreement and should, at that time, have told the trial judge in the other case of his conflict of schedule. Once he was faced with two trials scheduled before different judges upon the same date, however, he and plaintiff were in a dilemma mostly beyond their control.

At the time of denying plaintiff's motion for continuance in the instant case, the trial judge indicated that plaintiff's counsel's firm had other able lawyers who could try the case but plaintiff's counsel responded that only a very new lawyer had any familiarity with the case and that lawyer was not prepared to try it. From the record before us we cannot determine whether other counsel was available.

The trial court's ruling denying a request for a continuance will generally be held to be a matter of discretion which will not be set aside in the absence of a clear showing of abuse. (*Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667; *Parker v. Newman* (1973), 10 Ill. App. 3d 1019, 295 N.E.2d 503.) In *Nixon*, however, a default judgment against a defendant entered after a denial of a continuance was permitted to stand where defense counsel had been dilatory in answering previous trial calls in the case and the trial court had waited before defaulting defendant to make sure that defense counsel was not then in trial elsewhere. In *Parker* the court imposed the lesser sanction of dismissing the case for want of prosecution rather than entering a judgment in bar of action after denying the motion for continuance. The plaintiff there had refused an opportunity to cross-examine during the taking of plaintiff's deposition and then stayed away from the trial because the defendant was not able to be present for cross-examination by the plaintiff in front of the jury.

In *Vollentine v. Christoff* (1974), 24 Ill. App. 3d 92, 321 N.E.2d 49, and *Reecy v. Reecy* (1971), 132 Ill. App. 2d 1024, 271 N.E.2d 91, on the other hand, the refusals of the trial court to grant continuances were held to be an abuse of discretion where the party moving for continuance was without fault and the denial of the continuance prevented the requesting party from the testimony of an essential witness and representation by prepared counsel respectively.

We are aware of the problems encountered by trial judges in attempting to rule firmly in holding to their trial schedules and of the criticism levelled at those who fail to do so. We also recognize that the trial judge must not permit lawyers to maneuver so that those cases in which trial is most advantageous to them receive earlier trial to the detriment of other cases. Here, some fault must fall upon plaintiff's counsel but not nearly as much as in *Nixon* and *Parker*. Although he was

not as blameless as counsel in *Vollentine* and *Reecy*, we can only conclude that the severity of the action taken, forever barring plaintiff of her day in court, was an abuse of discretion.

The facts of the case indicate the need by trial courts to consider the enactment of rules to determine the order of trial of cases when the same lawyer is scheduled to appear before two judges of the same court at the same time. In providing for such a procedure a court should consider, as did the trial judge here, the circumstances under which a lawyer faced with conflicting settings should be required to turn one of the cases over to members of his firm.

We deem the appropriate ruling in the case under consideration to be to reverse the judgment entered in favor of defendants and against plaintiff in bar of action and to remand the case to the trial court for further proceedings.

Reversed and remanded.

REARDON and WEBBER, JJ., concur.