## CONCORD GENERAL MUTUAL INSURANCE COMPANY

### v.

### Reginald LABBE.

Supreme Judicial Court of Maine.

May 25, 1979.

**1006**

Berman, Berman & Simmons, P. A. by Paul F. Macri (orally), Robert A. Laskoff, Lewiston, for plaintiff.

LaFountain & Ordway by David R. Ordway (orally), Biddeford, for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

A District Court judge ordered judgment in favor of Concord General Mutual Insurance Company (Concord) in its subrogation action for property damage arising out of a motor vehicle collision between its insured and the defendant. Following a Superior Court justice's affirmance of that judgment on appeal (Rule 73(a), M.R.D.C.Civ.P.), the defendant appealed to the Law Court on the theory that the District Court judge had abused his discretion in refusing to grant a continuance and in ordering the judgment.

We sustain the appeal.

Concord's cause of action arose out of an automobile accident which occurred in York County where Perry (Concord's insured), Labbe, and at least one witness resided. Concord filed its civil complaint in District Eight (Southern Androscoggin County) where Concord and its attorney had their offices. Labbe moved for a change of venue pursuant to 4 M.R.S.A. §§ 155(7), (8),[1] which the trial judge denied.[2] The appel-

---

1. 4 M.R.S.A. §§ 155(7), (8) provide:

    7. Improper venue. If any action or proceeding, civil or criminal, is brought in the wrong division, the court, upon motion or on its own initiative, may transfer it to a proper division. Any objection to improper venue is waived unless asserted by motion to transfer the case made before the commencement of trial or, in the event of default in appearance or answer, before the entry of judgment.

    8. Transfer of any case. The court may, upon motion or its own initiative, transfer any case to another division for the convenience of parties or witnesses or in the interest of justice.

2. The appellant also asserts on appeal that the trial judge abused his discretion in refusing to grant a change of venue for the convenience of the principals and witnesses. On the basis of the record before us, which does not contain a transcript of any hearing or argument from opposing counsel, we are unable to find that appellant has satisfied his burden of demonstrating a clear abuse of discretion. Although appellant also maintains the District Court judge erred in not granting a change of venue for the appellant as a matter of right, he makes

this argument for the first time on appeal. He relies upon 14 M.R.S.A. § 501, which states:

    Personal and transitory actions, except process of foreign attachment and except as provided in this chapter, shall be brought, when the parties live in the State, in the county where any plaintiff or defendant lives; and when no plaintiff lives in the State, in the county where any defendant lives; or in either case any such action may be brought in the county where the cause of action took place. Improper venue may be raised by the defendant by motion or by answer, and if it is established that the action was brought in the wrong county, it shall be dismissed and the defendant allowed double costs. . . . *Actions by the assignee of a non-negotiable chose in action, when brought in the Superior Court or in the District Court, shall be commenced in the county or division when brought in the District Court, in which the original creditor might have maintained his action.*
(emphasis supplied)

    The disposition of this appeal will enable the appellant to litigate at the District Court level whether appellee's claim represents a *non-ne-*

lant then filed a motion to alter or amend that order and attached affidavits setting forth his logistical reasons therefor. Since counsel for Labbe relied upon the affidavits to support the motion, he did not appear in person on the return day. He did not receive formal written notification of the subsequent denial of the motion by the judge and learned of that ruling only through opposing counsel.

On December 30, 1977, Concord's counsel sent the appellant's counsel a copy of his letter to the District Court clerk in which the scheduling of the "matter" for "contested hearing" on February 10, 1978, was confirmed. Not having been apprised of the judge's denial of his motion to alter or amend, appellant's counsel assumed the contested hearing pertained to that motion. On February 9, 1978, at 5:00 p. m., appellant's counsel learned that a juvenile proceeding in which he was participating in District Court in York County (District Ten) would continue through the next day, thereby creating an obvious conflict with the scheduled contested hearing in District Eight. Appellant's counsel had not anticipated the continuation of the juvenile matter to February 10th since that presiding District Court judge was normally scheduled· to hold court in another Division on that day. Unable to reach the District Eight judge, counsel for the appellant attempted, over the telephone, to arrange a continuance with opposing counsel. It was as a result of that telephone conversation that appellant's counsel first learned the hearing scheduled for the next day would be on the merits of the negligence action and not on the motion to alter or amend the judge's denial of the motion for a change of venue.

At 9:05 a. m. on February 10, 1978, appellant's counsel, in a telephone conversation, explained his predicament to the judge who was to preside in District Eight.[3] Finding the copy of the letter of December 30th to

the District Court clerk which was received by the appellant's counsel to be unambiguous, the judge denied the counsel's informal motion for a continuance and proceeded to hold a hearing on the merits in the absence of the appellant or his counsel, and awarded judgment for the plaintiff.

■ Inasmuch as the ruling with respect to the clarity of the letter of December 30, 1977, is related solely to the letter itself unaided by any parol evidence, this court is equally capable of making an assessment of whether that correspondence contained any ambiguities. We are free to make our own finding without reference to the finding of the trial judge or the "clearly erroneous" standard of review within Rule 52(a), M.R. D.C.Civ.P. *Ford Motor Credit Co. v. Shur,* Me., 385 A.2d 203, 204 n.2 (1978); *Northeast Investment Co. v. Leisure Living Communities, Inc.,* Me., 351 A.2d 845, 854 (1976).

The relevant portion of the letter to the court clerk stated:

Confirming telephone conversation of December 29, 1977, with your office, above matter is scheduled for contested hearing on February 10, 1978, at 9:00 A.M.

In light of counsel's unawareness of the judge's action upon his motion and the absence of any motion for default when appellant failed to file an answer within ten days after the time appellant could have been expected to receive notice of the judge's ruling (*see* Rules 12(a), 55(a), M.R.Civ.P.), the misinterpretation by appellant's counsel of the procedural posture of the case was entirely understandable. The letter received by counsel for the appellant was clearly ambiguous and did not give notice of the true nature of the scheduled hearing.

■ Having erred in concluding that the appellant, through his counsel, was put on notice of the pendency of a hearing on the merits of the case, the District Court judge

---

*gotiable chose in action.* We find it inappropriate, therefore, to reach any conclusions with respect to the viability of the appellant's argument regarding his *right* to a change of venue.

**3.** Having learned of the conflict only the prior afternoon, appellant's motion was made at the earliest time thereafter at which he was able to reach the trial judge, thus, in conformance with Rule 40(b) M.R.D.C.Civ.P.

abused his discretion[4] in denying the motion for a continuance. This abuse of discretion seems even more egregious when further circumstances are considered. Counsel for the appellant attempted to entreat opposing counsel to agree to a continuance on the afternoon of the day before the scheduled hearing, as soon as he became aware of the unforeseeable conflict which arose. Exercising a degree of uncooperativeness not befitting a system that strives for justice and fair play, opposing counsel insisted upon a trial the next day, suggesting that another member of the appellant's counsel's firm might attend. The inconvenience to appellee's counsel in notifying his witnesses of a continuance would have been trivial in comparison to the prejudice appellant suffered on account of the adamant opposition to a continuance.

Under all the circumstances of this case, we conclude that the District Court judge should have granted the requested continuance and failure to do so constituted an abuse of discretion justifying our reversal of the judgment below.

The entry is:

Appeal sustained.

Judgment of the Superior Court vacated.

Remanded to the Superior Court for an order reversing the decision of the District Court and a remand of the case to the District Court for further proceedings.

WERNICK, J., did not sit.

---

**4.** A trial judge's ruling upon a motion for a continuance is a discretionary matter that will be disturbed on appeal only when the appellant demonstrates an abuse of discretion. *See Blue Rock Industries v. Raymond International, Inc.,* Me., 325 A.2d 66, 79 (1974); Rule 40(c), M.R. Civ.P. The failure of a judge to appropriately balance the severe effect of a denial of a continuance with the need for reliable trial schedules and the culpability of the movant will result in an abuse of discretion. *See Martin v. Industrial Commission,* 120 Ariz. 616, 618, 587 P.2d 1193, 1195 (Ariz.App.1978); *Robinson v. Thompson,* 58 Ill.App.3d 269, 271, 15 Ill.Dec. 807, 374 N.E.2d 242, 244 (1978).