EDWARD MARSHALL, JR., Trustee, Plaintiff-Appellee, *v.*
JOHN A. HENNING, Defendant-Appellant.
Second District    No. 79-505

Opinion filed December 22, 1980.

Wolin, Frisch, Zelmar & Kaufman, and Joel S. Ostrow, both of Chicago, and Howard R. Kaufman, of Elmhurst, for appellant.

Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora (Peter K. Wilson, Jr., of counsel), for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, John A. Henning, appeals from a judgment entered in favor of plaintiff, Edward Marshall, Jr., as trustee, for $102,385.03 after a bench trial. The sole issue presented for our review is whether the trial court abused its discretion in denying defendant's motion for a continuance of trial.

Plaintiff, who is trustee of an irrevocable trust for the benefit of Mildred A. Henning, brought action against defendant, who is Mildred Henning's son, seeking to recover monies loaned to defendant by her. The complaint alleged that separate loans were made from 1973 to 1977, totaling $76,000, and that $93,174.85 was due for principal and interest at the time of filing the complaint on March 29, 1977. Howard R. Kaufman, attorney for defendant, entered his appearance on January 6, 1978, and defendant's answer was thereafter filed February 3, 1978, generally denying the allegations of the complaint and requesting its dismissal. The case was ordered set for a pretrial conference to be held January 19, 1979, before Judge Helen Kinney with discovery to be completed by that date. Plaintiff's attorney appeared for the conference, but Mr. Kaufman failed

to do so. The trial judge, in her order on that day, took note of extreme weather conditions and directed the conference be set again for February 23, 1979, and that failure of counsel to appear may result in dismissal or default. The February 23 conference was rescheduled to March 21 by agreement of the parties; both attorneys appeared then and a further conference was set for April 6. The parties again appeared on April 6, and depositions of plaintiff and defendant were ordered to be taken May 11 and all discovery completed by June 20. The court further ordered that the case was set for trial on Monday, July 2, before Judge Kinney, who informed them the court had set aside all of the week for this trial.

On June 30, however, the judge's secretary advised both attorneys by telephone that the trial would not begin until Thursday, July 5, as the judge was sitting in a jury case which had unexpectedly extended into the week of July 2. On July 5 plaintiff's counsel appeared, but neither defendant nor his attorney was present. Attorney Bruce Entman, an associate of Mr. Kaufman, did appear for him and presented a motion for continuance of the trial to a future date. (Apparently, the motion had been filed July 2 but it was not served upon plaintiff's attorney who was first advised of it by telephone on the morning of the trial date.) Defendant's motion was supported by an affidavit by Mr. Kaufman which stated, *inter alia*, he had been informed by the judge's secretary that the case could not be tried July 2 but would be tried on July 5; that he had informed the secretary he had previous commitments at that time outside the State of Illinois and requested an additional date for trial, which was presented to and denied by the judge; that he served as village prosecutor in the village of Elk Grove (in which court convenes on Thursdays) and also had plans of long standing to transact legal business in the city of New York commencing July 3 or 4; that if diligently tried the case should not take over one day; that his associates in his legal firm are unfamiliar with the case and because of its complexities would not be able to become so sufficiently to afford an adequate defense; and that he stands ready to try the issues at any time convenient to all of the parties.

Attorney Entman advised the court Mr. Kaufman was in New York on legal business, but he did not know its nature or where he could be reached. He stated he was aware the week had been set aside by the court for this trial and it obviously was inconvenient to everyone. He requested the trial be set over to another week in July. Plaintiff's counsel objected, stating his witnesses were available and he was ready to proceed; he asserted that Mr. Kaufman was unprepared and dilatory.

The trial judge considered the affidavit in support of defendant's motion for continuance to be insufficient and requested it be made more specific with respect to the nature of the legal business Mr. Kaufman was transacting which required his presence in New York or that it would be

stricken. The court agreed to continue the case until the next morning on July 6 so that a sufficient affidavit could be presented, or in the alternative, Mr. Kaufman or one of his associates could be present to try the case. The court thereupon entered an order striking the affidavit, denying the motion for continuance and directing that the trial would proceed on July 6. Its order also assessed $100 against defendant as fees for plaintiff's attorney for his appearance for trial on that day. As defendant has not appealed from that order we will not consider it further (but see *Hallmark Personnel, Inc. v. Pickens-Kane Moving & Storage Co.* (1980), 82 Ill. App. 3d 18, 23, 401 N.E.2d 1049, 1053-54).

On the next morning plaintiff was present in court with his witnesses and answered ready to proceed with trial. Attorney Entman appeared again for Mr. Kaufman and resubmitted the same motion for continuance and supporting affidavit without change. He informed the court he had spoken with Mr. Kaufman on the telephone and had been advised there was nothing further with which to supplement the affidavit. The judge stated the trial would then proceed and invited Mr. Entman to remain on behalf of defendant. He, however, said he lacked familiarity with the case and would leave in order to preserve any future remedies available to defendant.

The case proceeded to trial with plaintiff calling three witnesses who testified to the transactions between Mildred Henning and defendant. No evidence was presented on behalf of defendant (and we cannot determine from the record whether he was present in court on either July 5 or 6), and the trial court thereafter entered judgment in favor of plaintiff. On August 6, defendant filed a motion to vacate the judgment asserting he had meritorious defenses to plaintiff's claim and that the denial of his motion for continuance was an abuse of the court's discretion and an injustice to defendant. Defendant's motion was denied and he appeals.

■■ Section 59 of the Civil Practice Act provides that, on good cause shown the trial court, in its discretion, may grant additional time for the doing of any act prior to judgment. (Ill. Rev. Stat. 1977, ch. 110, par. 59.) Once a cause has been reached for trial, however, Supreme Court Rule 231(f) provides that no motion for a continuance shall be heard unless a sufficient excuse is shown for the delay. (Ill. Rev. Stat. 1977, ch. 110A, par. 231(f).) A trial court has broad discretion in allowing or denying a motion for continuance and its decision will not be reversed on appeal absent an abuse of that discretion. (*Curtin v. Ogborn* (1979), 75 Ill. App. 3d 549, 553, 394 N.E.2d 593, 597; *South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 254 N.E.2d 448.) A decisive factor is whether the party seeking the continuance has shown a lack of diligence in proceeding with the cause. (*Krupinski v. Denison* (1956), 9 Ill. App. 2d 155, 159, 132 N.E.2d 451, 453.) The moving party must give especially

grave reasons for continuance once a case has reached the trial stage because of the potential inconvenience to the witnesses, the parties and to the court. (*Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 358, 366 N.E.2d 327, 337.) Supreme Court Rule 61(17) also provides in this regard:

> "In considering applications for continuances, a judge, without forcing cases unreasonably or unjustly to trial, should insist upon a proper observance of counsel of their duties to their clients, and to adverse parties and their counsel, so as to expedite the disposition of matters before the court." Ill. Rev. Stat. 1977, ch. 110A, par. 61(17).

Defendant contends he presented a sufficient reason for the continuance and that the trial court abused its discretion in denying it. In his affidavit in support of his motion Mr. Kaufman stated no other attorney was prepared to adequately handle the case for defendant but also expressed his opinion it could be tried in one day. We give little weight to this assertion; he also represented his prior, long standing commitments requiring his presence in both Elk Grove and New York during the week the trial was scheduled and was aware of the trial date of July 5 at least five days in advance of it. It is not clear from the affidavit whether Mr. Kaufman's business in New York or his obligation to Elk Grove prevented his presence at trial on July 5; however, no reason was offered for his failure to appear on July 6. The trial court had continued the case over to that day in order to give defendant and his attorney an opportunity to offer a sufficient excuse for not proceeding or to be prepared to go to trial. They chose to do neither; Mr. Kaufman advised the court through his associate he considered the affidavit sufficient and the associate left the courtroom when the trial commenced.[1]

Although, in our view, the trial court diligently sought to elicit from defendant a proper basis upon which it might grant a continuance, its request for further facts to support Mr. Kaufman's absence was rejected. (*Cf. Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 327.) In considering this matter the trial court noted Mr. Kaufman was aware the week commencing with July 2 had been reserved for this trial and that he must also have known of his other commitments, but he declined to adjust his schedule. The court noted further that plaintiff was an elderly lady in her eighties who might not be available as a witness if the trial were deferred too long and had also considered this factor in setting the case for trial.

■■ We conclude that the court did not abuse its discretion under the circumstances of this case. If trial may be avoided by a party by the casual

---

[1] It is apparent Attorney Entman had no authority to proceed in any other way and we intend no criticism of his conduct in this case.

means seen here, the reluctant litigants will clearly benefit at the expense of the diligent and Rule 231(f) will have little meaning. In *Roberts v. McDaniel* (1959), 22 Ill. App. 2d 485, 490, 161 N.E.2d 47, 50, the court held that a client has a responsibility to select counsel who will diligently represent him. Mr. Kaufman's failure to respond to his commitment to this case did foreclose defendant from presenting his defense with Mr. Kaufman's assistance. However, the record does not disclose any effort on the part of defendant to secure other counsel or to request time in which to do so.

We have considered the cases cited by defendant where reviewing courts have reached a different conclusion albeit based upon somewhat different circumstances. (See, *e.g., Robinson v. Thompson* (1978), 58 Ill. App. 3d 269, 374 N.E.2d 242; *Duran v. Chicago & Northwestern Ry. Co.* (1975), 26 Ill. App. 3d 645, 325 N.E.2d 368; *Krupinski v. Denison* (1956), 9 Ill. App. 2d 155, 132 N.E.2d 451.) We find, however, as did the court in *Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 994-95, 398 N.E.2d 1114, 1117, on the facts before it, that there was no duty upon the trial court in this case to grant defendant's motion for continuance, as a sufficient excuse for delay had not been shown. See also *Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 407 N.E.2d 799.

For these reasons the judgment of the Circuit Court of Du Page County will be affirmed.

Affirmed.

WOODWARD and VAN DEUSEN, JJ., concur.