PROCEEDING ON THE INITIATIVE OF THE COMMISSION TO DETERMINE WHETHER TO REVOKE, CANCEL OR SUSPEND THE LICENSE OF SAM BUFANIO (HA-2262) RESIDING AT 10 CLOVER STREET, NUTLEY, NEW JERSEY, AS A HIRING AGENT;

CASE RHA-84

AND

IN THE MATTER OF THE APPLICATION OF HELD WAREHOUSE AND TRANSPORTATION CORP. FOR A LICENSE AS A HIRING AGENT FOR SAM BUFANIO (HA-2393) RESIDING AT 10 CLOVER STREET, NUTLEY, NEW JERSEY;

CASE HA-57

AND

PROCEEDING ON THE INITIATIVE OF THE COMMISSION TO DETERMINE WHETHER TO REVOKE, CANCEL OR SUSPEND THE TEMPORARY PERMIT OF SAM BUFANIO (HA-2393) RESIDING AT 10 CLOVER STREET, NUTLEY, NEW JERSEY, AS A HIRING AGENT.

CASE RHA-85

Superior Court of New Jersey
Appellate Division

Argued May 9, 1972—Decided May 26, 1972.

Before Judges LEWIS, HALPERN and LORA.

*Mr. Edwin J. McCreedy* argued the cause for appellant (*Messrs. Conant, Halberstadter* and *McGuire,* attorneys).

*Mr. Robert A. Pin* argued the cause for respondent (*Mr. William P. Sirignano,* Executive Director and General Counsel, *Mr. Irving Malchman,* Assistant to General Counsel, *Mr. Leonard S. Picariello,* Assistant Counsel, Waterfront Commission of New York Harbor, on the brief).

PER CURIAM. This is an appeal from an order of the Waterfront Commission which denied the application of Held Warehouse and Transportation Corp. for a license for Sam Bufanio as a hiring agent, and which revoked his existing license and temporary permit.

Appellant contends the testimony which he gave during an investigatory interview conducted by the Commission was improperly admitted into evidence at the Commission's hearing in that he had been denied the right to counsel during such investigations. He further contends that the failure of the Commission to advise him of his right to counsel under the circumstances herein compels a reversal of its decision, particularly in view of the rules and regulations of the Commission which permit counsel to be present during such investigations.

It is clear there is no *constitutional* basis upon which to require that a person appearing before an administrative agency be apprised of his right to have counsel present. *David v. Strelecki,* 51 *N. J.* 563 (1968) ; *State v. Williams,* 59 *N. J.* 493 (1971). In the absence of a statute or administrative rule or regulation to the contrary, courts are reluctant to allow representation by counsel in administrative proceed-

ings of a purely investigatory nature. See Annotation, 33 *A. L. R.* 3d 229 (1970), § 2(a) at 239; §6(b) at 249; *Cooper, State Administrative Law* (1965) 330; *In re Groban,* 352 *U. S.* 330, 77 *S. Ct.* 510, 1 *L. Ed.* 2d 376 (1957).

Nor do we agree with appellant's contention that a provision in an administrative agency regulation providing that a person subject to an investigation under oath is entitled to counsel necessarily imposes upon the agency an obligation to advise the subject of the interview as to such a right. See Annotation, 33 *A. L. R.* 3d 229 (1970), § 2(a), at 239–240, nn. 4–5, and *Ussi v. Folsom,* 254 *F.* 2d 842 (2 Cir. 1958).

To extend *Miranda* to a situation such as the one before the court would be stretching it beyond its applicability. Bufanio appeared voluntarily, without subpoena, and answered questions under oath, not while in "custody" but only as part of the investigatory process of the Commission.

The Commission's order in this matter was not in any manner arbitrary, capricious or unreasonable. Its findings that Bufanio did not possess good character and integrity within the meaning of the Waterfront Commission Act are supported by the record and hence the sanctions imposed upon appellant by the Commission do not constitute excessive punishment.

Affirmed.