Thomas M. Stake, J.
Petitioner seeks a judgment in a proceeding brought pursuant to CPLR article 78 against John S. Toll, President of the State University of New York at Stony Brook, and Thomas Owen Morgan, an Administrative Hearing Officer, serving pursuant to the provisions of section 75 of the Civil Service Law. The proceeding is in the nature of a writ of prohibition, and the relief sought is a judgment prohibiting the Hearing Officer from conducting a closed hearing on the charges brought against the petitioner by respondent Toll. Dr. Toll has cross-moved for an order fixing a day certain for the commencement of the hearing in view of the delay occasioned by previous article 78 proceedings brought by the petitioner.
Petitioner is a Senior Financial Secretary employed by the State University at Stony Brook and there is presently pending against him a series of charges which, if he is found guilty, could result in his removal from his position of employment.
Employment has been held to be “property” within the meaning of the Due Process Clause of the Constitution, and where the State conducts a hearing which may result in deprivation of employment, the affected employee is entitled to due process of law. “ Due process requires that the 0 * * *316 hearing be open to the press and public.” (Fitzgerald v. Hampton, 467 F. 2d 755, 766).
The Attorney-General contends that this proceeding is premature and that the determination of the Hearing Officer to conduct a closed hearing was not arbitrary nor did such determination exceed his jurisdiction.
The Manual for Hearing Officers in Administrative Adjudication of the New York State Civil Service Commission (1972 ed.; pp. 31-32), emphasizes the generally desirable public policy that administrative hearings be open to the public and reiterates the historical reasons for such policy. The manual goes on to outline certain cases where exceptional circumstances may warrant the Hearing Officer to exclude the public from the hearing. The memorandum decision of the Hearing Officer dated March 22, 1973, contains no findings of such exceptional circumstances to justify a prehearing decision to exclude the public. Possibly during the course of the administrative hearing, a peculiar situation might develop wherein exceptional circumstances would justify the temporary exclusion of the public. If this occurs the Hearing Officer would not then be exceeding his authority.
However, in this case, the Hearing Officer has exceeded his jurisdiction by his prehearing determination. Where this has occurred and such error is not adequately remediable by an appeal, the Hearing Officer may be prohibited from proceeding in excess of his jurisdiction. (CPLR 7801; Matter of Hogan v. Court of Gen. Sessions of County of N. Y., 296 N. Y. 1.)
Accordingly the petitioner is entitled to a judgment prohibiting the respondent Morgan from conducting a closed hearing in this case.
The cross motion of the respondent Toll is granted to the extent that the hearing shall commence on Wednesday, May 2, 1973 at such location as is determined by the hearing examiner.