John G. Me Carthy, J.
The petitioner was employed by the respondent school district as its Superintendent of Buildings and Grounds. He was a civil service employee, with permanent status in his position, and therefore entitled to all the rights under the Civil Service Law of the State and in particular those rights set forth in section 75 of such law.
That on or about December 9, 1974, respondent caused to be served upon petitioner a written notice of charges consisting of 13 counts of misconduct and 12 counts of incompetency and the reasons therefor. Admittedly, if found guilty of one, some or all of the specified charges, petitioner could be dismissed from his position as superintendent and be, as a result of such a disposition, prejudiced from securing similar employment in the civil service area or the private sector.
The petitioner then retained a local attorney, Lester B. Lipkind, Esq., who advised the board of his retention on December 12, 1975.
On or before December 18, 1974, the respondent set down a hearing for such charges for January 4,1975, a Saturday.
Mr. Lipkind is a member of the Jewish faith, who observes such faith’s Sabbath (which extends from sundown on Friday until sundown on Saturday). He, therefore, by letter dated *338 December 18, 1974, informed the board’s attorney that he would be unable to appear as petitioner’s attorney on the Saturday scheduled, and requested a rescheduling of the hearing for any evening during the first week in January or thereafter, so long as it was not on a Friday night. He then added in such letter that if this could not be accomplished he would advise his client to obtain the services of another attorney. When this suggestion was made to petitioner. Petitioner objected and was unwilling to engage other counsel.
It was and is the position of respondent that it did not select a Saturday morning for the hearing arbitrarily. They urge that since the petitioner was an administrator faced with 25 serious charges, the board had decided to be the hearing body rather than to appoint a hearing officer. Since the individual members of the board of education are independently employed during the week day period, and receive no compensation when they sit as members of the board, a Saturday date was chosen in the hope that the hearing could be completed in one or two sittings, for to schedule it at other times would work great hardship and inconvenience on the operation of the school district.
The original date for the hearing, January 4, 1975, was apparently adjourned until January 11, 1975. The reason for this is unclear though the respondent’s attorney states it was to accommodate Mr. Lipkind. But it is apparent that this was not to accommodate Mr. Lipkind in his request for a hearing date other than on a Friday evening or on a Saturday, as the 11th of January was a Saturday. Although the papers are not before the court, it seems as likely that the initial hearing was rescheduled for the 11th because of a previous show cause order which petitioner secured, which contained a stay. It does seem clear that the hearing was rescheduled by respondent for February 8, 1975, a Saturday again, because of the stay contained in the previous order.
The present order, which was signed by Mr. Justice Leon D. Lazer on February 7, 1975, contained a stay from proceeding with the hearing, but such stay was vacated by the order of Mr. Justice John P. Cohalan, Jr., dated February 8, 1975.
It is petitioner’s position that respondent’s failure to honor his attorney’s request for a hearing other than a Friday night or Saturday denied petitioner his right to counsel of his own choosing, and respondent’s failure under the circumstances was arbitrary and capricious. Respondent contends that this is *339 not the issue, the issue they seem to feel has been framed by this dispute is that the constitutional guarantee to counsel cannot be invoked merely to delay the course of justice.
The petitioner had a right, by statute, to be represented by counsel, on his hearing, upon request. (Civil Service Law, § 75, subd 2.) There is no question but that petitioner expressed such desire upon the institution of the proceedings when he retained Mr. Lipkind.
Employment has been held to be "property” within the meaning of the due process clause of the Constitution (US Const, 14th Amdt) and where the State conducts a hearing which may result in deprivation of employment, the affected employee is entitled to due process of law. (Matter of Randall v Toll, 74 Misc 2d 315.)
Under both our Federal and State Constitutions (US Const, 6th Amdt, NY Const, art I, § 6) a defendant also has a right to defend in person or by counsel of his own choosing. (People v Price, 262 NY 410.) That right must be protected by the Trial Judge. (Glasser v United States, 315 US 60.) In Matter of Fusco v Moses (304 NY 424) it was held that the right to counsel applies to disciplinary proceedings as well as to criminal actions. In that article 78 case petitioners, Triborough Bridge Toll Collectors, were brought up on stated disciplinary charges under the Civil Service Law. The Court of Appeals in reviewing the disposition below stated (p 433): "One of the questions to be determined in an article 78 proceeding is— 'Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the petitioner’.” "That statute (Civ. Prac. Act, § 1296, subd. 5, now CPLR 7803, subd. 3 in part) of course, does not change the fundamental rule that any deprivation of the right to counsel and to a fair trial is, in itself, a basis for annulment of a determination resulting therefrom (U.S. Const., 6th Amendt.; N.Y. Const., art. I, §6; People v. McLaughlin, 291 N.Y. 480, 482-843, supra). Indeed, as to the application of that fundamental rule, it has been said: 'The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.’ (Glasser v. United States, 315 U.S. 60, 76; see, also, Coplon v. United States, 191 F. 2d 749, 760, certiorari denied 342 U.S. 926).
"The suggestion that the cases last cited above do not apply to the present proceeding, inasmuch as we are here concerned *340 with a disciplinary proceeding rather than a criminal action, is without merit.” (Matter of Fusco v Moses, supra, pp 433-434.)
The court then cited Matter of Greenbaum v Bingham (201 NY 343) with approval for the proposition that no element of a fair trial can be dispensed with unless waived in a disciplinary hearing.
It is equally as true that the constitutional guarantee to counsel cannot be invoked merely to delay the hearing. Was this the case or was the petitioner deprived of any right that he was guaranteed under the Federal or State Constitutions by the board’s refusal to honor the request of counsel?
Here, when one considers the chronology of events, there seems to be no merit to respondent’s position that the request for a rescheduling was interposed merely for delay. Mr. Lip-kind had been engaged prior in time to respondent’s decision to schedule a Saturday hearing or to the time petitioner and his counsel were informed of such decision.
In a proper case, upon a showing that counsel was in fact incapacitated, that due diligence and good faith were exercised, and that the party suffered by actual and substantial disadvantage by being deprived of proper legal representation, the courts have not hesitated to find an abuse of discretion in refusing a continuance and have reversed a number of cases on this ground. (67 ALR2d 499-500.)
An early Pennsylvania case (May, 1831), somewhat similar to the instant one, with one notable exception, it concerned the conscience of the party rather than his counsel, is of interest particularly considering the religious climate of the times. In those days it was held "Christianity and conscience are parts of the common law of Pennsylvania, though the Jew is alike protected in his religious belief with the Christian” (Updegraff v The Commonwealth, 11 S & R 408). In Phillips v Grats, 2 Penr & W, 23 Amm Dec. 33, a Jewish plaintiff had been nonsuited when the plaintiff refused to appear when his case came on for trial on a Saturday. Although the nonsuit was reversed on other grounds, the case has been cited for the proposition that a man’s moral or religious principles cannot be allowed to interfere with the administration of justice, so that a continuance for conscience sake will not be granted when a Jew has scruples in regard to appearing in court as a witness on Saturday. The reviewing Judge, Gibson, C. J., did state (p 416) "The religious scruples of persons concerned with *341 the administration of justice will receive all the indulgence that is compatible with the business of government, and had circumstances permitted it, this cause would not have been ordered for trial on the Jewish Sabbath. But when a continuance for conscience sake is claimed as a right, and at the expense of a term’s delay, the matter assumes a different aspect.”
It seems that we have come a long way from a time when an observing Jew’s conscience was referred to as scruples, yet Judge Gibson was practical enough to observe that with a little foresight the case would not have been ordered for trial on the Jewish Sabbath.
Now there is a legislative exemption from Sabbath laws afforded to those observing another holy day (General Business Law, § 10); and a mandate that whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time and does not labor on that day, or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor. (General Business Law, § 13.)
Under the circumstances in this case the court can see no distinction between the rights of the petitioner and his attorney, that a distinction could be drawn if the petitioner, because of his religious convictions, requested that the hearing be scheduled for a day other than a Saturday.
The full board here was supposed to be the impartial arbiter of this controversy, they should have had no objection to the help competent counsel would have been to petitioner and to the board in arriving at the truth of the charges leveled against petitioner. Yet it appears that their own concerns became primary. They had every right to decide that they would sit on the hearing rather than to appoint a hearing officer. Of course, having made that decision the scheduling of a hearing did present more of a problem because the court is convinced that if a hearing representative had been appointed, this proceeding would not have been necessary. When the request was made for a rescheduling of the hearing they, in the court’s view, were under a duty to give reasonable consideration to such request so that petitioner’s counsel could be accommodated. A number of options were open to them. Initially when the request was made in December, 1974, they *342 could have considered some day over the year end holidays when the members of the board had or could have arranged to have taken a day off from work. Than when the hearing was adjourned until February 8 but the stay vacated, they certainly, if they were still bent on proceeding during the day rather than an evening or evenings, could have scheduled the initial hearing for one of the legal holidays that fell in February. Yet the board, it appears, proceeded with petitioner’s hearing on Saturday, February 8 initially and then concluded the hearing on Monday evening, February 10. This fact would seem to establish that there was some reason that motivated the board not to reschedule the hearing, as initially requested, other than their convenience. The board’s zeal in precipitously proceeding with the matter-on February 8 and 10 would also lead the court to the conclusion that petitioner’s rights were not uppermost in their minds. If they would urge that the seriousness of the charges motivated them in that regard it could as well be argued that they could have considered a suspension pending the determination of the charges for a period of 30 days as authorized by subdivision 3 of section 75 of the Civil Service Law.
In these cases, the courts cannot interfere unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious. Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard. (Matter of 125 Bar Corp. v State Liq. Auth., 24 NY2d 174; 1 NY Jur, Administrative Law, § 184; Matter of Pell v Board of Educ., 34 NY2d 222.)
In this instance the action of the respondent in refusing to consider a rescheduling of the petitioner’s hearing for any time other than a Friday evening or Saturday, was arbitrary and capricious. For that reason the decision reached after the hearing which proceeded in the absence of petitioner’s counsel and has resulted in the dismissal of petitioner is annulled. The petitioner is further entitled to a judgment prohibiting respondent from proceeding with a new hearing on the Sabbath of petitioner’s attorney.