544 P.2d 690

Eldon BILLS, Ralph Koener, Dale Shirley, Wilford Alter, and Alan J. Hamblin, as the Arizona State Board of Dental Examiners, Appellants,

v.

Gary H. WEAVER, D.D.S., Appellee.

No. 2 CA–CIV 1967.

Court of Appeals of Arizona, Division 2.

Jan. 6, 1976.

Rehearing Denied Feb. 4, 1976.

Review Denied Feb. 24, 1976.

**474**

Bruce E. Babbitt, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellants.

Richardson & Mortensen by Wilford R. Richardson, Safford, for appellee.

## OPINION

HOWARD, Chief Judge.

The main issue in this appeal is whether a person involved in a hearing before an administrative agency must be informed that he has a right to have his attorney present during the hearing.

On September 16, 1975, appellee Gary H. Weaver, a dentist licensed to practice in the State of Arizona, was convicted of a violation of Title 26, Sec. 7201, United States Code (attempt to evade income taxes, a felony). He was sentenced by the federal court to imprisonment for a period of eight months and fined $5,000.[1] Shortly thereafter, appellant Arizona State Board of Dental Examiners appointed two Arizona dentists under A.R.S. Sec. 32–1263(C) to sit as informal interviewing officers and on November 2, 1974, appellee was interviewed by these two dentists concerning his federal tax conviction. These interviewing officers, on November 5, 1974, recommended that appellant hold a formal hearing in the matter. On November 13, 1974, a notice of hearing and complaint was issued by the Board which stated:

"Please take notice that on the 29th day of November, 1974, at 2:30 o'clock P.M. a hearing will be held before the Arizona State Board of Dental Examiners (hereinafter the 'Board'), 415 West Congress, Room 160, Tucson, Arizona, pursuant to A.R.S. § 32–1263, at which hearing testimony will be taken and other evidence received by the Board to determine whether cause exists under the Arizona Revised Statutes to issue a decree of censure, fix a period and terms of probation, or suspend or revoke the license issued to Gary H. Weaver.

Specifically, the Board will determine: Whether Gary H. Weaver, D.D.S., has been convicted of a felony; to-wit: attempt to evade income taxes due, in violation of 21 [26] U.S.C. § 7201."

At the hearing on November 29, 1974, appellee Weaver was asked if he had an attorney and he answered in the negative.

---

1. He was charged with three counts but was allowed to plead to one count and the other counts were dismissed.

A copy of an indictment, judgment and commitment in the federal court case was identified by appellee and he admitted the felony conviction of attempting to evade income taxes. After hearing evidence in mitigation from Dr. Weaver, his wife, and a friend who was an attorney, the Dental Board ruled that Dr. Weaver had committed a felony and ordered revocation of his license. There is a verbatim transcript of the hearing held on November 29, 1974.

Approximately one month later appellee filed this suit in the superior court. After various motions were filed by the parties the trial court reviewed the entire matter and reversed the decision of the Dental Board on the ground that appellee was not notified of his right to counsel either in the formal notice of the hearing or at the commencement of the hearing and that there was no valid waiver of counsel by him.

A.R.S. Sec. 41–1010 provides in part:

"* * * Every person who is a party to such proceedings shall have the right to be represented by counsel, . . ."

The trial court based its decision on the foregoing statute and on constitutional grounds. We hold that the trial court erred in ruling that the Board was required to notify appellee of his right to counsel and that the failure to do so constituted a denial of due process.

A.R.S. Sec. 41–1009 sets forth the notice requirements in contested cases. Subparagraph B of that statute states that the notice shall include: "A statement of the time, place and nature of the hearing. A statement of the legal authority and jurisdiction under which the hearing is to be held. A reference to the particular sections of the statutes and rules involved. A short and plain statement of the matters asserted."

We cannot find any requirement in the statute that notice be given of the right to have an attorney present. Nor does the failure of the statute to require such notice constitute a violation of due process under the Fourteenth Amendment to the United States Constitution. *In re Bufiano*, 119 N.J.Super. 302, 291 A.2d 379 (1972); *Ussi v. Folsom*, 254 F.2d 842 (2nd Cir. 1958).

Appellee has set forth five additional reasons why the trial court should be affirmed.

First, he contends that he did not secure the services of an attorney because he was lulled into a false sense of security since the notice of the formal hearing mentioned only revocation whereas the notice of informal hearing mentioned censure, probation, suspension or revocation. Furthermore, he claims the attitude of the hearing officers at the informal hearing left him with a feeling that his license was not in jeopardy. This contention is without merit. We can find nothing in the record which could reasonably have led appellee to conclude that his license would not be revoked. The mention of revocation in the notice of the formal hearing was sufficient to put him on notice that his license was in jeopardy.

Secondly, appellee contends that the notice requirements of A.R.S. Sec. 41–1009 were not met because there was no reference to the Administrative Procedure Act and because there is no section in the United States Code as 21 U.S.C. Sec. 7201. This contention is also without merit. The notice of the formal hearing received by appellee clearly refers to A.R.S. Sec. 32–1263 which in turn states that all proceedings of a formal nature where a license may be revoked or suspended shall be conducted in accordance with the provisions of Title 41, Chapter 6, Article 1, a footnote identifying these provisions as Section 41–1001 et seq.

It is true there is no U.S.Code provision 21 U.S.C. Sec. 7201 (it should have been 26 U.S.C. Sec. 7201) but the notice clearly stated that the matter which would

be at issue was appellee's conviction for attempted income tax evasion. Therefore the notice requirements of A.R.S. Sec. 41–1009 were complied with.

■ Appellee's third contention is that since he had advertised his practice of dentistry in newspapers, the hearing was unfair because the Dental Board's composition and its Code of Ethics makes it difficult for an advertising dentist to get a fair hearing. We note first of all, that appellee made no objection to the matter being heard by the Dental Board. Secondly, there is nothing in the record to support this allegation.

■ For his fourth contention, appellee alleges that the hearing was unfair because the Board had already made up its mind prior to the hearing. To support his position appellee refers to the minutes of a Dental Board meeting wherein it is indicated that a discussion was had on the legal problems of Dr. Gary Weaver and there appears the following statement:

"In the event that conviction of Dr. Weaver is verified by the federal District Court, action is to be initiated under Arizona's administrative procedures to hold a hearing of .revocation of Dr. Weaver's license."

Appellee points out that the Board members had four possible alternatives but, according to him, the minutes only referred to revocation thus showing that they had already made up their minds. We consider this contention to be frivolous.

Appellee also points to the deposition of a dentist named Reed who stated in his deposition that sometime prior to the formal hearing he had spoken with Dr. Wilson, a partner of Dr. Shirley who was on the Board, and that Dr. Wilson said "I don't think you have to worry about Dr. Weaver. He won't be practicing in Arizona again." When Dr. Reed asked Dr. Wilson what he meant, Dr. Wilson stated ". . . the Board was going to take a real good look at it."

A.R.S. Sec. 12–910 states in part that:

" . . . No new or additional evidence in support of or in opposition to a finding, order, determination or decision of the administrative agency shall be heard by the court, except . . . in cases where in the discretion of the court justice demands the admission of such evidence."

■ Our search of the record has not disclosed that the deposition was ever admitted into evidence in the trial court. Furthermore, even if it had been admitted, we do not find the statement of the Board member's partner indicative of the attitude of Dr. Shirley. For all we know, it may be only Dr. Wilson's opinion as to what should have happened to Dr. Weaver.

■ Lastly, appellee contends that the revocation was technical and not connected with the practice of dentistry. This contention is also without merit. A.R.S. Sec. 32–1263(A)(2) provides that the Board may censure, prescribe probation or suspend or revoke the license of a dentist for conviction of a felony. The statute does not require that the felony be somehow connected with the practice of dentistry.

The judgment of the trial court is reversed with directions to enter judgment in favor of appellant.

KRUCKER and HATHAWAY, JJ., concur.