DONALD CAIN AND ANTHONY FABRO, PETITIONERS-AP-
PELLANTS, v. NEW JERSEY STATE PAROLE BOARD,
DEFENDANT-RESPONDENT.

Argued September 26, 1978—Decided November 6, 1978.

*Ms. M. Diana Johnston,* Assistant Deputy Public Defender, argued the cause for appellants (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Eugene M. Schwartz,* Deputy Attorney General, argued the cause for respondent (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Ms. Erminie L. Conley,* of counsel).

The opinion of the court was delivered by

SULLIVAN, J. The two petitioners herein are under separate judgments of conviction in unrelated criminal cases. Their appeals from denial of parole eligibility were consolidated before the Appellate Division since they present a single legal issue. Basically involved is the interpretation of *N. J. S. A.* 30 :4–123.35 which provides in pertinent part that

any prisoner in a county penitentiary serving a term having a maximum greater than a year and who has served at least 1 year of such term shall be permitted to make application to the board [New Jersey State Parole Board] for parole.

The specific question is whether consecutive nine-month sentences to a county institution can be aggregated to meet the statutory minimum of one year. The facts in each case are not in dispute. Donald Cain, one of the petitioners herein, was indicted, tried and convicted of two counts of possession and two counts of distribution of a controlled dangerous substance. On March 5, 1976 he was sentenced to four consecutive nine-month terms in the Mercer County Correction Center.

Anthony Fabro, the other petitioner, pled guilty on separate indictments to two counts of breaking and entering with intent to commit larceny, and two counts of larceny. On September 17, 1976 he was sentenced to four consecutive nine-month terms in the Mercer County Correction Center.

The Parole Board denied their requests for parole consideration after each had served one year of his aggregated sentence, holding that the statute did not permit cumulation of sentences for parole purposes in the circumstances. The Appellate Division affirmed in an opinion reported at 155 *N. J. Super.* 245 (1978). This Court granted certification, 77 *N. J.* 473 (1978).

■ Subsequent to the granting of certification, both petitioners completed the service of their sentences, less credits, and have been released from the Mercer County Correction Center. This alone, though, does not render the issue moot.

There is at least one case, *Napoleon v. New Jersey State Parole Board,* pending in the Appellate Division where the questions of law are identical with those in the instant case. Although the newly enacted penal code provides that the aggregate of consecutive terms to a county institution shall not exceed 18 months, see *N. J. S. A.* 2C:44–5(a)(2) (effective September 1, 1979), the potential for sentencing like that here under consideration will continue to exist. For these reasons, the issue raised by petitioners is not moot. The wrong alleged is one capable of repetition yet evading review, *State v. Allen,* 73 *N. J.* 132, 138–139 (1977), and also presents an issue of public importance. See *Resnick v. E. Brunswick Tp. Bd. of Ed.,* 77 *N. J.* 88, 95, n. 4 (1978).

■ We have statutory provisions providing for the aggregation of consecutive sentences for purposes of parole. They are contained in *N. J. S. A.* 30:4–123.10 which provides in part:

No inmate of a penal or correctional institution serving a sentence for a fixed minimum and maximum term shall be eligible for considera-

tion for release on parole until he has served his minimum sentence or 1/3 of his fixed maximum sentence, less, in each instance, commutation time therefrom for good behavior and for diligent application to work assignments whichever occurs sooner, subject to the provisions of section 12 hereof.

Whenever, after the effective date of this act, 2 or more sentences to run consecutively are imposed at the same time by any court of this State upon any person convicted of crime herein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences. For purposes of determining the date upon which such a person shall be eligible for consideration for release on parole, the board shall consider the minimum sentence of such person to be the total aggregate of all the minimum limits of such consecutive sentences and the maximum sentence of such person to be the total aggregate of all of the maximum limits of such consecutive sentences.

[The third paragraph establishes the same aggregation procedure for consecutive sentences imposed by different courts at different times but only at the discretion of the Parole Board and with the consent of the prisoner.]

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

It is to be noted that Section 123.10, *supra,* refers to sentences having minimum and maximum terms, which sentences would be to State Prison (or its equivalent when females are similarly sentenced). However, this Court has held that Section 123.10 also applies to consecutive sentences to a county penal institution and that the fixed term imposed in a sentence to a county institution is to be taken as both a minimum and a maximum for purposes of aggregation under *N. J. S. A.* 30 :4–123.10. See, *Davis v. Heil,* 132 *N. J. Super.* 283, 292–293, aff'd o. b. 68 *N. J.* 423 (1975).

*Davis v. Heil* involved the question of parole eligibility where there were consecutive sentences to county institutions of one year and 18 months respectively, imposed on Davis by different courts at different times. We there held that the sentences could be aggregated for parole purposes under Section 123.10 and that Davis, after serving one year of the aggregate sentence, became entitled to parole consideration if the Parole Board, in its discretion, decided that the

consecutive sentences should be aggregated. Davis also held that while *N. J. S. A.* 30:4–123.35, in providing for parole eligibility, refers only to a prisoner in a "county penitentiary," the statute should be construed so as to apply to an inmate in a county workhouse.[1]

Although it was not presented with the factual situation, the Appellate Division opinion in *Davis,* in *dictum,* indicated that a sentence to a county institution for less than a year would not be aggregated with any other sentence to a county institution for parole purposes. The reason given was that the greater than one-year sentence requirement in *N. J. S. A.* 30:4–123.35 was meant to limit parole eligibility to those inmates whose sentences might have been served in State Prison. *Davis v. Heil, supra,* 132 *N. J. Super.* at 294–295. In the instant case, both the Parole Board and the Appellate Division relied on this *dictum* to deny parole eligibility to Cain and Fabro, as each of the consecutive sentences imposed on them, respectively, was for a period of nine months.

We do not agree with the Appellate Division *dictum* in *Davis,* and our affirmance of the ruling in that case was not intended and should not be read to go beyond the narrow legal issue presented. We held in *Davis* that inmates in county institutions serving consecutive sentences were entitled to have their sentences aggregated under *N. J. S. A.* 30:4–123.10 for purposes of parole consideration. To the extent that the *dictum* in the Appellate Division opinion in *Davis* indicated that such sentences would each have to be at least one year in order to be aggregated, we disapprove.

Were the *dictum* correct, petitioners herein would have been better off had they received four consecutive sentences of 12 months instead of nine months each because the four

---

[1] In *Davis* we also rejected the contention of the Parole Board, based on an advisory opinion of the Attorney General dated June 29, 1973, that aggregation of consecutive sentences was available to a county inmate but only after he had served at least one year of each of the consecutive sentences.

12-month sentences could be aggregated and they would become eligible for parole after they had served one-third of the combined sentences less credits, whereas the four nine-month sentences could not be aggregated and petitioners would have to serve the full 36 months (less credits) without ever becoming eligible for parole. We cannot believe the Legislature intended such an obviously unfair result.

Aside from the question of fundamental fairness, we find in the statutory enactments a legislative intent that a prisoner sentenced to consecutive terms in a county penal institution, irrespective of the length of each term, is entitled to have the terms aggregated for purposes of parole consideration. However, parole eligibility will not arise until the prisoner has served at least one year.

Accordingly, we hold that Cain and Fabro, each of whom had consecutive sentences to a county institution aggregating 36 months imposed at the same time, became eligible for parole when they had served at least one year of the aggregated terms. The judgment of the Appellate Division is reversed.

*For reversal*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For affirmance*—None.