587 P.2d 1193

Iva MARTIN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

City of Tucson, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 1941.

Court of Appeals of Arizona, Division 1, Department C.

Dec. 5, 1978.

Davis, Eppstein & Tretschok, P. C. by Philip J. Hall, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert J. Park, Chief Counsel, State Compensation Fund by Robert T. Wilson, Tucson, for respondent employer and respondent carrier.

## OPINION

NELSON, Acting Presiding Judge.

The primary question before the court in this case, although phrased by counsel in terms of due process, right to counsel, and duty to advise *pro per* applicants, is whether the hearing officer abused his discretion when he failed to continue the Industrial Commission hearing after an extensive discussion between the petitioner and the hearing officer regarding her right to retain counsel culminated in petitioner requesting a continuance to obtain counsel to represent her. We believe that the hearing officer abused his discretion in failing to grant the petitioner a reasonable time to retain counsel after guiding her to a position where she understood her right to counsel and requested an opportunity to exercise it. We therefore set aside the award.

The facts surrounding the injury in this case are not pertinent to the issue before us. Petitioner's claim was a compensable one, accepted by the carrier and ultimately

closed with a finding of no permanent disability. The petitioner filed a request for hearing which was set for October 3, 1977. After the opening colloquy referred to above regarding representation by counsel, one doctor, the petitioner, and carrier's counsel were sworn and testified. The hearing officer entered an award for temporary disability benefits. The petitioner filed a request for review, which was later supplemented by counsel. The hearing officer entered a decision affirming and supplementing his original award of temporary disability benefits. This special action followed.

■ Preliminarily we deem it advisable to mention two questions which are not in issue. First, we think it clear that an applicant in an adversary hearing at the Industrial Commission has a right to be represented by retained counsel. *See generally Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Borror v. Department of Investment, Division of Real Estate*, 15 Cal.App.3d 531, 92 Cal.Rptr. 525 (1971). *See also* A.R.S. §§ 23–1069 and 41–1010(A)(1). The carrier does not contest this premise. Further, we think it is equally evident that it is not a denial of due process to fail to give prior notice to an applicant of the right to have counsel present to participate in a scheduled hearing.[1] *Bills v. Weaver*, 25 Ariz.App. 473, 544 P.2d 690 (1976).

It is clear from the record in this case that the petitioner did not fully appreciate the nature of the proceedings, how her rights were going to be protected, and who was responsible for protecting those rights, *e. g.,* the Industrial Commission, the insurance carrier, the hearing officer, herself, or who? This confusion became obvious to the hearing officer immediately after convening the hearing:

"Let the record first of all reflect that Mrs. Martin is present, and Mrs. Martin, I take it from your being here alone, that it is your choice and your right to indeed represent yourself rather than have an attorney represent you; is that right, ma'am?

MRS. MARTIN: At this time I suppose so. I just didn't know whether or not to—to try to employ an attorney or not. Nobody advised me anything, I mean, the best thing to do.

THE HEARING OFFICER: I see.

MRS. MARTIN: So, I guess I could try to represent myself.

THE HEARING OFFICER: That's your choice, ma'am, or do you choose otherwise?

MRS. MARTIN: Really I would choose otherwise because I don't, I really don't know the procedure of—and, the correct way of doing this."

Each time the hearing officer returned to this issue with the petitioner, she responded similarly. He tried several times to ascertain whether Mrs. Martin was prepared to proceed without an attorney:

"THE HEARING OFFICER: And I am just wondering if this is the case why you don't have an attorney, if that's how you feel?

MRS. MARTIN: After I—received the letter from the Industrial Commission I thought maybe then—

THE HEARING OFFICER: That is the notice of hearing?

MRS. MARTIN: Yes, I thought maybe then they knew the—you know, whether I needed one or not, and they didn't tell me that I should, and, this is why I didn't try to consult someone—

\* \* \* \* \* \*

MRS. MARTIN—to advise me. After I learned the Industrial would take care of everything.

\* \* \* \* \* \*

---

1. While such notice is not required, either constitutionally, by statute or rule, the implementation of such a procedure by the Commission would alert applicants to this valuable right and give them a reasonable time to exercise their option to retain counsel. Such a procedure also would result in sustainable waivers of the right to counsel when the fully informed applicant opted to proceed on his own behalf. *See Miner v. Industrial Commission,* 115 Utah 88, 202 P.2d 557 (1949).

MRS. MARTIN: And I thought they would advise me if I needed one.

THE HEARING OFFICER: How did you get that impression, ma'am? Did someone—

MRS. MARTIN: No. Well, in cases like this, I thought, after I saw all the names of—who was going to take care of the procedure, I thought I just didn't need one, you know."

After some additional colloquy, the hearing officer asked the petitioner this question:

"THE HEARING OFFICER: So let me ask you this headon, Mrs. Martin: Are you asking, ma'am, for a postponement of your hearing in order to get yourself a lawyer? Is that what you are doing?

MRS. MARTIN: At this time, since I've learned what I did, I—that's what I'm asking.

THE HEARING OFFICER: And what is it that you have learned, ma'am?

THE WITNESS: That I—need someone to represent me at a hearing like this.

THE HEARING OFFICER: And when did you learn that? Here today?

MRS. MARTIN: Here today."

The hearing officer then took the motion under advisement and proceeded with the hearing. The carrier's doctor and Mrs. Martin testified. Then Mrs. Martin was allowed to ask the carrier's attorney why he preferred the doctor who testified over her physician, who had treated her since the injury.

The hearing officer thereafter elicited an apparent waiver of the prior motion for a continuance and an agreement to submit the matter for decision on the record.

A right without a meaningful opportunity to exercise it is really no right at all. *See generally Taylor v. Hubbell,* 188 F.2d 106 (9th Cir. 1951), *cert. denied,* 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618; *Hampton v. Chatwin,* 109 Ariz. 98, 505 P.2d 1037 (1973).

In light of petitioner's confusion in this case, it is clear that she made every effort which could be reasonably required of her to implement her right to counsel. Her efforts were denied, and it cannot be said that she thereafter intelligently waived those rights. *Taylor v. Hubbell, supra.*

 While it is undisputed that a court or administrative body possesses a broad discretion whether to allow or deny a motion for continuance, that discretion must be exercised judiciously, and not arbitrarily. *East Camelback Homeowners Association v. Arizona Foundation for Neurology and Psychiatry,* 18 Ariz.App. 121, 500 P.2d 906 (1972). Where however that discretion has been abused, with resultant prejudice to, in this case the applicant, the administrative body must be reversed. *Brown v. Air Pollution Control Board,* 37 Ill.2d 450, 227 N.E.2d 754 (1967); *Romeo v. Union Free School District No. 3, Town of Islip, East Islip,* 82 Misc.2d 336, 368 N.Y.S.2d 726 (1975). At the beginning of this proceeding, the hearing officer clearly established that the applicant needed and wanted legal counsel. After purposely' eliciting that information, he abused his discretion by not allowing her a brief continuance to obtain that assistance.

While we realize that some delay may be caused in instances such as this [2], the slight inconvenience and minimal extra cost is far outweighed by the importance of the right to be protected. Under the facts before him at the time, the hearing officer abused his discretion in failing to grant Mrs. Martin a short continuance to obtain counsel.

The award is set aside.

EUBANK and OGG, JJ., concur.

---

2. Each case must be judged on its own particular facts. A clear and unequivocal notice provision, although not required, see Note 1, *supra,* would insure very few delays such as would have been involved here had the hearing officer granted a short continuance to obtain counsel, and would, moreover, secure intelligent and sustainable waivers of counsel where applicants fully intend to proceed without counsel, as is their choice.