677 A.2d 763

LEONARD GREER, PLAINTIFF–APPELLANT CROSS–RESPON-
DENT, v. NEW JERSEY BUREAU OF SECURITIES, DE-
FENDANT–RESPONDENT CROSS–APPELLANT.

———

ERIC LIPETZ, PLAINTIFF–APPELLANT, v. NEW
JERSEY BUREAU OF SECURITIES,
DEFENDANT–RESPONDENT.

———

A. JARED SILVERMAN, CHIEF, BUREAU OF SECURITIES, DIVI-
SION OF CONSUMER AFFAIRS, STATE OF NEW JERSEY,
PLAINTIFF–RESPONDENT, v. MICHAEL MCDERMOTT, DE-
FENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 24, 1994—Decided June 17, 1994.

Before Judges COLEMAN, MUIR, Jr. and PAUL G. LEVY.

*Jerome M. Selvers* argued the cause on behalf of appellant cross-respondent Leonard Greer (*Sonnenblick, Parker & Selvers,* attorneys; *Hartley T. Bernstein,* New York City co-counsel; *Messrs. Selvers, Bernstein* and *Peter W. Till,* on the brief).

*Peter D. Manahan* argued the cause on behalf of appellant Eric Lipetz (*Connell, Foley & Geiser,* attorneys; *Mr. Manahan,* of counsel; *John P. Lacey,* on the brief).

*George L. Schneider* argued the cause on behalf of appellant Michael McDermott (*Lorber, Schneider, Nuzzi, Vichness & Bilinkas,* attorneys; *Jerome M. Selvers* and *Mark S. Vincent* of *Sonnenblick, Parker & Selvers,* on the brief).

*William E. Graves,* Deputy Attorney General, argued the cause on behalf of respondent cross-appellant New Jersey Bureau of Securities on all appeals (*Deborah T. Poritz,* Attorney General, attorney; *Andrea M. Silkowitz,* Assistant Attorney General, of

counsel; *Cindy K. Miller,* Senior Deputy Attorney General and *DAG Graves* on the brief involving Greer; *Michael Pariser,* Deputy Attorney General, on the brief involving *Lipetz; Joshua Rabinowitz,* Deputy Attorney General, on the brief involving *McDermott* ).

The opinion of the court was delivered by

PAUL G. LEVY, J.A.D., (temporarily assigned).

These three appeals involve witnesses subpoenaed to testify before the New Jersey Bureau of Securities (NJBS) during the course of a private investigation conducted pursuant to *N.J.S.A.* 49:3–68(a)(1). Each witness requested a copy of the transcript of their testimony, but NJBS refused based on Bureau policy which allows witnesses and their counsel to review transcripts only at the NJBS offices. Each appeal contesting the validity of this practice followed a different path, but we have consolidated them for purposes of disposition on appeal since the issues are essentially the same. We affirm the practice of NJBS.

Leonard Greer, the managing director and sole shareholder of L.C. Wegard & Co., Inc. (a licensed broker-dealer in securities) was subpoenaed to produce certain documents and testify before the NJBS on three occasions. Prior to his scheduled testimony, his counsel informed NJBS Greer would not appear unless NJBS first agreed to provide a copy of the transcript of the testimony. NJBS advised that counsel and Greer could take notes during the proceeding, and thereafter could review a copy of the transcript at NJBS offices. It also advised counsel that, although it would not guarantee a positive response, he could file a written request for a copy of the transcript along with a representation as to whether he made the request solely for Greer, whether he represented or expected to represent any other party related to the investigation, and that he would not show, discuss or provide copies to anyone else.

Greer produced some documentation and appeared and testified on three occasions. Each time he testified he was accompanied by

New York counsel. Prior to his fourth appearance he requested a copy of a transcript of his prior testimony, but the request was made without any of the representations previously specified by NJBS. Neither Greer nor his counsel sought to review the transcripts at the offices of NJBS. Instead, Greer filed an action in the Law Division to compel NJBS to provide, unconditionally, a copy of the transcripts of his prior testimony. NJBS moved to dismiss for lack of subject matter jurisdiction or to transfer to the Appellate Division.

The Law Division denied NJBS's motions and ordered the release of the transcripts subject to the conditions earlier proposed by NJBS to Greer. This appeal and cross-appeal followed.

Eric Lipetz, accompanied by counsel, produced documents and testified pursuant to a NJBS subpoena. Six months later he was again subpoenaed, and with new counsel representing him, he sought a copy of the transcript of his earlier testimony. NJBS refused to supply a transcript, but offered counsel the opportunity to review the transcript at the NJBS offices. Lipetz retained yet another attorney to represent him, as well as his son who had also been subpoenaed to produce documents and give testimony. In response to a new request for a copy of the transcript of the earlier testimony, NJBS refused and advised that the use of one witness's testimony to prepare another was "absolutely inappropriate." Lipetz appeared at NJBS with counsel and a court reporter. NJBS excluded the reporter, and Lipetz refused to testify, claiming NJBS did not allow his counsel a reasonable opportunity to prepare.

Lipetz filed an action in the Law Division for a declaratory judgment permitting him to obtain a copy of the transcript from NJBS. The court granted NJBS's motion to transfer the matter to the Appellate Division for lack of subject matter jurisdiction. Lipetz appealed the transfer and seeks relief from this court regarding the transcript.

Michael McDermott, the regional sales manager of L.C. Wegard & Co., Inc., was subpoenaed to testify before NJBS. He appeared

without counsel, apparently because his request for an adjournment was denied, and refused to testify unrepresented. Prior to reappearing, he requested a copy of a transcript of the original appearance and an acknowledgement that he would receive a transcript of subsequent testimony.

NJBS filed an action seeking to hold McDermott in contempt for failing to comply with the subpoena, pursuant to *R.* 1:9–6. McDermott moved to dismiss the complaint or to stay the matter pending disposition of Greer's action. The General Equity Part granted the stay, but on motion by NJBS the stay was vacated. The court ordered a transcript be provided to McDermott subject to restrictions similar to those imposed on Greer by the Law Division.

On appeal, McDermott seeks to establish a right to be represented by counsel when testifying before NJBS, a right to choose any counsel including one representing another party related to the same investigation and a right to obtain a copy of the transcript of his testimony so his counsel's assistance will be effective.

## I. Restricting Access to Transcripts

The NJBS policy concerning availability of transcripts requested by attorneys was always explained to any inquirer. The attorney was asked to explain, in writing, whether the request was made solely in connection with representation of the witness involved, whether the attorney represented any other person or party related to the subject matter of the investigation, and whether the attorney reasonably expected to represent any other person or party regarding the subject matter of the investigation. NJBS also sought a representation that the attorney would not share the transcript with any other person or party or their attorney.

The obvious purpose of this procedure is to prevent persons suspected of violating the Uniform Securities Law, *N.J.S.A.* 49:3–47 *et. seq.*, from being "in a better position to tailor their own

testimony to that of the previous testimony," or "to threaten witnesses about to testify with economic or other reprisals." *See Commercial Capital Corp. v. SEC,* 360 *F.*2d 856, 858 (7th Cir. 1966), (holding the SEC has the discretion to withhold transcripts of a witness' testimony in a nonpublic investigation, and it is not a denial of due process of law to do so). In *Commercial Capital* the court also found 17 *C.F.R.* 203.6 (a SEC rule providing a witness in a private investigation with a copy of his testimony if he requests it in writing, stating his reasons, but the request may be denied for good cause) justified its actions. *See also SEC v. Sprecher,* 594 *F.*2d 317, 319 (2nd Cir.1979) (approving a prohibition against tape recording a witness' testimony in an investigatory proceeding).

In considering whether NJBS's procedures satisfy the requirements of due process, we consider the three-prong test of *Mathews v. Eldridge,* 424 *U.S.* 319, 335, 96 *S.Ct.* 893, 903, 47 *L.Ed.*2d 18, 33 (1976), by reviewing:

(1) the private interest at stake; (2) the risk of erroneous deprivation of that interest through the agency procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the State's interest, including the fiscal and administrative burdens that the additional procedural safeguards would entail.

[*J.E. on Behalf of G.E. v. State,* 131 *N.J.* 552, 566–67, 622 *A.*2d 227 (1993).]

Each witness is interested in protection from further investigation or possible charges, so a private interest is clearly at stake. The conditions imposed by NJBS were fair and reasonable; rather than denying access to the transcripts, it allowed an opportunity to review them at the NJBS offices and permitted release upon certain affirmations deemed necessary to guarantee the integrity of the investigation. Administrative agencies are granted wide latitude in selecting appropriate procedures utilized to implement their legislative mandate. *See e.g., Texter v. Dept. of Human Services,* 88 *N.J.* 376, 385, 443 *A.*2d 178 (1982). Finally, the State's interest underlying the investigation must be balanced with the private interests protected by the due process clause. Here the witness' interests are not yet ripe, as none has been charged

or named a target. Accordingly we conclude the witnesses are not entitled to the unconditional release of the transcripts of their testimony given or to be given in this investigation.

## II. Right to Counsel

■ The unifying thread of the requests for transcripts of the witness' prior testimony is the need for their counsel to prepare for the next scheduled session. This need seemingly is based on a right to effective assistance of counsel and on fundamental fairness attendant on due process. However, due process requirements differ, based on the type of proceeding involved:

> "Due Process" is an elusive concept. Its exact boundaries are undefinable, and its content varies according to specific factual contexts. Thus, when governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process. On the other hand, when governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used.
>
> [*Hannah v. Larche,* 363 *U.S.* 420, 442, 80 *S.Ct.* 1502, 1514–15, 4 *L.Ed.*2d 1307, 1321 (1960).]

When a witness is subpoenaed to testify in an investigatory proceeding such as this one by NJBS,[1] there is no constitutional right to counsel. *Proceeding on the Initiative of the Comm'n,* 119 *N.J.Super.* 302, 304–05, 291 *A.*2d 379 (App.Div.1972).

Moreover, we have previously adopted the distinction between investigatory and accusatory proceedings and the safeguards accorded each. *In re Tufi Application,* 182 *N.J.Super.* 631, 442 *A.*2d 1080 (App.Div.), *certif. denied,* 91 *N.J.* 189, 450 *A.*2d 525 (1982) (an applicant for a casino employee license was not allowed to have counsel present at a deposition). Appellants contend *Tufi* is limited to license investigations, yet nothing so indicates. *See*

---

[1] *N.J.S.A.* 52:13E–1 to 10, establishing a code of fair procedures governing State investigating agencies, provides a right to counsel, but the act is inapplicable to NJBS investigations because its definition of "Agency" does not cover NJBS.

*also Proceeding on Initiative of Commission,* 119 *N.J.Super.* 302, 305, 291 *A.*2d 379 (App.Div.1972).

### *III. Administrative Practice*

 Although none of the witnesses have a constitutional right to counsel, the practice of NJBS provided for counsel's attendance and participation, under the conditions stated above, including a prohibition of multiple representation by counsel. This practice was designed to protect the integrity of the investigation, and we find it is neither arbitrary nor unreasonable. We shall not interfere with this procedure where the enabling act, *N.J.S.A.* 49:3–68, authorizes the Chief of NJBS to conduct private investigations and gives him the discretion to conduct them so as not to sacrifice the public security. We reject the argument that *Metromedia Inc. v. Dir., Div. of Taxation,* 97 *N.J.* 313, 331, 478 *A.*2d 742 (1984) required formal rulemaking in these circumstances. Although formal rulemaking may be a better procedure as it informs the public of agency policy, it is not necessary when the agency prescribes a legal standard or directive that is clearly or obviously inferable from the enabling act. *Ibid.* In such a case, the policy will not be held invalid for failure to meet rulemaking procedural requirements. *Airwork Serv. Div. v. Dir., Div. of Taxation,* 97 *N.J.* 290, 301, 478 *A.*2d 729 (1984), *cert. denied,* 471 *U.S.* 1127, 105 *S.Ct.* 2662, 86 *L.Ed.*2d 278 (1985). Additionally, we were advised at oral argument that NJBS was in the process of refining and formalizing these procedures by promulgation of formal rules.

### *IV. Jurisdiction*

 In each of these cases, NJBS maintained its policy of allowing access to a transcript of prior testimony but not allowing an unconditional release of an independent copy. Each action, whether brought in the Law Division or the General Equity Part of the Chancery Division, was a challenge to the denial of the witness's request for a transcript. The crux of each challenge is

not that NJBS failed to perform a mandated ministerial action, but that its denial of the unconditional release of a copy of the transcript, during the course of a private investigation, was improper, unauthorized or an abuse of discretion.

As such, each action constituted a challenge to an interlocutory action by a state agency, and exclusive judicial review lies with this court pursuant to *R.* 2:2–4. Thus the Law Division properly transferred Lipetz's action to this court, based on lack of subject matter jurisdiction, and the other two courts should have done likewise. *R.* 1:13–4(a). It matters not whether the action was perceived to be an action in lieu of prerogative writs or one for declaratory judgment; an action to correct a preliminary discretionary decision of a state agency must be brought in the Appellate Division.

## V. *Conclusion*

As to Greer, the Law Division order is reversed for lack of subject matter jurisdiction, but the agency action is affirmed.

As to Lipetz, the agency practice is affirmed.

As to McDermott, the General Equity Part order is reversed for lack of subject matter jurisdiction, but the agency practice is affirmed.