647 A.2d 1383

IN THE MATTER OF THE COMPREHENSIVE INVESTIGATION OF THE SCHOOL DISTRICT OF NEWARK, NEW JERSEY.

Superior Court of New Jersey
Appellate Division

Submitted September 20, 1994—Decided October 14, 1994.

Before Judges MICHELS, STERN and KEEFE.

*Brown and Brown* and *Alan Dexter Bowman,* attorneys for appellant, School District of Newark, New Jersey (*Raymond A. Brown* and *Alan Dexter Bowman,* of counsel and on the brief).

*Deborah T. Poritz,* Attorney General of New Jersey, attorney for respondent, State Board of Education (*Robert H. Stoloff,* Assistant Attorney General, of counsel; *Douglas J. Harper,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

KEEFE, J.A.D.

The Newark School District (District) appeals from a decision of the State Board of Education (Board) denying the District's request to allow its counsel and/or a stenographer to be present during compelled interviews of District personnel as part of the Board's comprehensive compliance investigation (CCI) of the Newark School District. The District maintains on appeal that the due process protections inherent in the New Jersey Constitution require that its attorney and a stenographer be allowed to be present at all compelled interviews of District personnel in connection with the CCI. We disagree and affirm.

The Commissioner of Education is charged with the responsibility of developing and administering a statewide system for evaluating the performance of school systems throughout the State in order to insure that the constitutional and legislative mandate of a thorough and efficient system of public education is achieved. *N.J.S.A.* 18A:7A–2a. School districts that do not satisfy basic valuative criteria are subject to heightened scrutiny known as

Level II monitoring. *N.J.S.A.* 18A:7A–14a(1). The Newark district was placed into Level II monitoring in 1984.

If a school district is thereafter unable to correct the deficiencies noted in the valuative process, it is then subject to increased scrutiny known as Level III monitoring. In that phase the Commissioner is authorized to direct the performance of a CCI followed by the issuance of a public report documenting the district's irregularities. *N.J.S.A.* 18A:7A–14b(2), c, e. A plenary hearing may then be held before the Office of Administrative Law. *N.J.S.A.* 18A:7A–14e. If, after the plenary hearing, the Commissioner determines that the district is unable to take the corrected actions necessary to establish a thorough and efficient system of education, the Commissioner is authorized to recommend to the Board that it issue an administrative order creating a State-operated school district. *N.J.S.A.* 18A:7A–15.

In December 1987, Level III monitoring was directed for the District and, in April, 1993, an external review report prepared by independent professionals and community members was issued. *N.J.S.A.* 18A:7A–14c(2). Thereafter, the Commissioner directed the performance of a CCI, and retained the management consulting firm of Towers Perrin to perform an audit of the District's governance and management functions. Towers Perrin attempted to conduct valuative interviews with various District personnel but the District, in August, 1993, advised the consulting firm, as well as the Board, that it would not permit its officials and employees to submit to interviews without the presence of the District's counsel and a stenographic reporter or other recording device.

On August 12, 1993, the Commissioner issued an administrative decision and order in which she rejected the District's request in all respects. The District then filed a notice of appeal with the Board. On September 1, 1993, the Board issued a decision in which it affirmed the Commissioner's order. The District's application to the Board for a stay of this decision pending appeal was denied. The District then filed this appeal and a motion for a stay pending appeal. We denied the District's application for a stay.

■ In view of our decision denying the District's application for a stay, we assume that the interviews have taken place and that this matter is now rendered moot. However, since the issue is one capable of repetition yet evading review, and presents an issue of public importance, we will address the merits. *Cain v. New Jersey State Parole Board*, 78 *N.J.* 253, 255, 394 *A.*2d 327 (1978).

In a seminal case on the issue now under discussion, the United States Supreme Court upheld the constitutionality of a State statute which authorized a fire marshall to exclude all persons other than those required to be present during the course of the fire marshall's investigation into the cause of a fire. *In re Groban's Petition*, 352 *U.S.* 330, 77 *S.Ct.* 510, 1 *L.Ed.*2d 376 (1957). Specifically, the Court held that the witnesses did not have a constitutional right to the assistance of counsel because the proceeding before the fire marshall was neither a criminal trial nor an administrative proceeding that would adjudicate the witnesses' responsibility for the fire. 352 *U.S.* at 332, 77 *S.Ct.* at 512, 1 *L.Ed.*2d at 380. This was so even though a witness's testimony might expose that witness to criminal charges in the future. 352 *U.S.* at 332–33, 77 *S.Ct.* at 512–13, 1 *L.Ed.*2d at 380–81. The Court observed that the presence of advisors to witnesses might "easily so far incumber an investigatory proceeding as to make it unworkable or unwieldly." 352 *U.S.* at 334, 77 *S.Ct.* at 514, 1 *L.Ed.*2d at 381.

■ The District seizes on the dissent in *Groban* and argues that New Jersey courts in applying New Jersey's Constitution would adopt the rationale of the dissenters. The District relies on several instances where New Jersey has provided more expansive protection for individual rights under our Constitution than is provided under the federal constitution. The dissent in *Groban* took the position that it was a violation of the due process clause for a State to compel a person to appear, against his will, alone and in secret, before a law enforcement officer and give testimony which may be instrumental in his prosecution and conviction for a

criminal offense. 352 *U.S.* at 337, 344, 77 *S.Ct.* at 515, 519, 1 *L.Ed.*2d at 383, 387. The dissent also rejected the proposition that an administrative agency conducting an investigation could validly compel a witness to appear before it and testify in secret without the assistance of counsel. 352 *U.S.* at 348, 77 *S.Ct.* at 521, 1 *L.Ed.*2d at 389.

While there is no specific due process clause in the New Jersey constitution, *N.J. Const.* art. I, ¶ 1 embodies and "safeguards values like those encompassed by the principles of due process...." *Greenberg v. Kimmelman*, 99 *N.J.* 552, 568, 494 *A.*2d 294 (1985). Moreover, *N.J. Const.* art. I, ¶ 10 mirrors the Sixth Amendment of the federal constitution in protecting the right of an accused to have the assistance of counsel in all "criminal prosecutions." Nonetheless, we are satisfied that the New Jersey Constitution would not afford the protection sought by the District in this case. This court has held that a person appearing before an administrative agency is not entitled to be apprised of his or her right to have counsel present. *See, In re Bufanio*, 119 *N.J.Super.* 302, 291 *A.*2d 379 (App.Div.1972). (Rejecting a claim by a witness before the Waterfront Commission who argued that testimony which he gave during an investigatory interview conducted by the Commission was improperly admitted into evidence at the Commission's hearing because he had been denied the right to counsel during the investigation.) In language pertinent to this case, and citing *Groban*, we noted that in the absence of a statute, rule or regulation to the contrary, courts are reluctant to allow representation by counsel in administrative proceedings of a purely investigatory nature. *Id.* 119 *N.J.Super.* at 304–05, 291 *A.*2d 379.

This court arrived at the same result in the case of *In re Tufi Application*, 182 *N.J.Super.* 631, 442 *A.*2d 1080 (App.Div.), *certif. denied*, 91 *N.J.* 189, 450 *A.*2d 525 (1982). In that case we held that the Division of Gaming Enforcement did not violate appellant's due process rights when, in investigating his license application, it deposed appellant without presence of counsel. In

so holding, we again relied on the plurality decision in *Groban. Id.* 182 *N.J.Super.* at 643, 442 *A.2d* 1080. Furthermore, the holdings in these cases are in conformity with the prevailing view in this area. *See Ernest H. Chopler,* Annotation, *Right to Assistance by Counsel in Administrative Proceeding,* 33 ALR 3d 229, 249–50 (1970). Thus, we are satisfied as a general proposition that no State constitutional right is violated by the denial of assistance of counsel in purely investigatory administrative proceedings, especially where as here there is not the slightest hint that criminal charges may result from interviews of the witnesses in question, and it is the District, not the interviewees, who want an attorney present. Moreover, the issue before us does not deal with use or review of that material beyond those authorized under Title 18A, and who may object to any such use.

The District's argument that the interviewees are entitled to have a stenographer present at the interviews is similarly without merit. The District's argument has been rejected in a number of cases, both criminal and civil. *See e.g., United States v. Antonick,* 481 *F.*2d 935, 937 (9th Cir.) (no federal rule requires that a stenographer be present during grand jury proceedings), *cert. denied,* 414 *U.S.* 1010, 94 *S.Ct.* 374, 38 *L.Ed.*2d 248 (1973); *Bowles v. Baer,* 142 *F.*2d 787, 788–89 (7th Cir.1944) (stenographer not required to be present during testimony given as part of investigation by the Administrator of the Office of Price Administration); *Torras v. Stradley,* 103 *F.Supp.* 737, 740 (N.D.Ga.1951) (witness testifying before investigation of a Special Agent of the Bureau of Internal Revenue not entitled to the presence of a personal stenographer); *In re Securities and Exchange Commission,* 14 *F.Supp.* 417, 418–19 (S.D.N.Y.1936) (it was not unfair or unconstitutional to require a witness to testify before an investigation of the Securities and Exchange Commission without affording him the opportunity to bring his own stenographer), *aff'd,* 84 *F.*2d 316 (1936), *rev'd as moot, sub nom., Bracken v. SEC,* 299 *U.S.* 504, 57 *S.Ct.* 18, 81 *L.Ed.* 374 (1936).

The judgment of the Board is affirmed.